# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

FILED BY⎯⎯⎯D.C.

MAR 07 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |
|---|---|
| Darrin E. Gordon,<br>Plaintiff.<br><br>v.<br><br><br>Louis DeJoy, Postmaster General,<br>Defendant. | Case No.<br><br><br><br>March 7, 2025 |

# COMPLAINT FOR RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## I.  JURISDICTION AND VENUE

1. Jurisdiction: This Court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331, as this action arises under Title VII of the Civil Rights Act of 1964.

2. Exemption from Election of Remedies: Plaintiff, as a USPS employee, is exempt from the "election of remedies" rule under 5 U.S.C. § 7121(d) pursuant to 39 U.S.C. § 1206(b)(1), which permits concurrent pursuit of EEO complaints and union grievances.

1

3. Venue: Venue is proper in the Southern District of Florida under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices occurred in Miami, Florida.

## II.   PARTIES

4. Plaintiff: Darrin E. Gordon is a resident of Miami, Florida, and was employed by the United States Postal Service (USPS) as a Full-Time Regular City Letter Carrier at the Quail Heights Post Office.

5. Defendant: Louis DeJoy is sued in his official capacity as Postmaster General of USPS under 42 U.S.C. § 2000e-16(c).

## III.   FACTUAL ALLEGATIONS

### A. Protected Activity & Initial Retaliation

6. On August 21, 2023, the USPS Dispute Resolution Team ("DRT") ordered Plaintiff's reinstatement and full back pay within seven (7) business days (Exhibit A: Step B Decision for Plaintiff (Darrin Gordon)).

7. On September 5, 2023, Plaintiff threatened to file an EEO complaint against Manager Mario M. Bossano for failing to comply with the DRT decision.

2

8.      On September 11, 2023, Defendant's agents falsely marked Plaintiff's payroll status as "deceased," blocking his income. Only Manager Mario M. Bossano and Supervisor Alexander P. Urquia had payroll access (Exhibit B: Accounting Help Desk Email Correspondence Showing Deceased Designation from Management).

### B. Discovery of Paycheck Tampering

9.      On September 29, 2023, Plaintiff contacted USPS Accounting Services, which confirmed:

- Defendant—not Truist Bank—initiated the "deceased" designation (Exhibit C: Management Return Email).

- No verification of Plaintiff's death was conducted with:

- HRSSC (Human Resources Shared Services Center)

- Plaintiff's supervisor, manager, or emergency contacts

- Obituaries or death certificates (Exhibit C: No Verification Email Correspondence).

10.     Plaintiff's paycheck remained pending in USPS's Commercial Check Tracking System (CCTS) from September 11–29, 2023, after Defendant falsely marked him as deceased without any verification (Exhibit D: Accounting Help Desk Email Confirming Check Was Pending in CCTS).

11. Defendant released the paycheck after Plaintiff's inquiry on September 29, 2023, but falsely claimed that Truist Bank rejected the deposit via an ACH R15 code.

12. Between September 29, 2023, and August 26, 2024, Plaintiff spoke with six different USPS Accounting Services representatives, all of whom confirmed that his paycheck was returned from his employing office—not from his financial institution, Truist Bank.

- This directly contradicts Defendant's assertion that Truist Bank rejected the paycheck, exposing further procedural obstruction.

- The confirmation from multiple representatives over a span of nearly 11 months establishes a pattern of deception and bad faith, showing that management at Plaintiff's employing office was actively involved in withholding his wages.

- Defendant's contradictory statements and refusal to release Plaintiff's earned wages despite continued verification requests further support Plaintiff's claim of intentional retaliation through financial deprivation.

4

13. On October 5, 2023, Plaintiff contacted Truist Bank, which

confirmed:

- Truist Bank never marked Plaintiff as deceased and never rejected the deposit using an ACH R15 code. (Exhibit E: Truist Call Logs).

14. On October 5, 2023, Plaintiff contacted HRSSC to verify whether USPS Accounting Services had notified them of his alleged deceased status. HRSSC confirmed:

- There was no notification from Accounting Services regarding Plaintiff's death.

- Plaintiff remained active in their system. (Exhibit F: HRSSC Call Log).

**C. Continued Retaliation & Eviction**

15. On October 10, 2023, Plaintiff notified the Coral Gables District Court that withheld wages from Defendant caused his eviction (Exhibit G: Eviction Summons Response).

16. On October 24, 2023, Plaintiff filed an informal EEO complaint after Defendant ignored the DRT order for over 50 days (Exhibit H: Informal Complaint).

17. On November 14, 2023, during the Formal A meeting, Plaintiff's fully signed and completed PS Form 8038—required for back pay processing—was verified as ready for submission.

• Manager Mario Bossano refused to sign and forward it to Accounting Services, unlawfully withholding wages (Exhibit I: PS Form 8038 (Completed but Not Processed by Management)).

### D. Procedural Obstruction in the EEO Process

18. On January 19, 2024, Defendant acknowledged reprisal in the Notice of Right to File but later omitted retaliation from the claim (Exhibit J: Agency *Notice of Right To File*).

19. On January 31, 2024, Plaintiff filed a formal EEO complaint explicitly alleging retaliation (Exhibit K: Formal EEO Complaint).

20. On February 22, 2024, Defendant issued a *Partial Acceptance/Partial Dismissal of Formal EEO Complaint* letter, omitting Plaintiff's retaliation claims and falsely recasting his complaint as solely alleging race discrimination (Exhibit J: Partial Acceptance/Dismissal Letter).

21. On March 26, 2024, Manager Bossano refused to comply with a Litigation Hold Notice, further obstructing evidence preservation (Exhibit M: Litigation Hold Records).

- In contrast, Supervisor Urquia complied, signing and returning his Litigation Hold Notice on March 25, 2024, to the EEO investigator.

### E. Defiance of Grievance Orders

22.   On July 24 & 31, 2024, Defendant ignored three additional DRT decisions—two Cease and Desist Orders and one Compliance Grievance, confirming that Plaintiff's completed PS Form 8038 was present at the Formal A meeting, yet Defendant still refused to process it (Exhibit N: Three Additional Grievance Decisions).

23.   On November 5, 2024, Defendant blocked Plaintiff's payroll inquiries via a "Submitter-Only Rule" (Exhibit O: Accounting Help Desk Correspondence).

24.   On February 26, 2025, Plaintiff contacted USPS Accounting Services again, and they confirmed that no back pay was being processed for him (Exhibit P: Accounting Help Desk Email Confirming No Back Pay as of February 26, 2025).

### F. False Assurances & Bad Faith Conduct

25.   Defendant repeatedly misled Plaintiff and his union representatives with false assurances to delay compliance with legally binding grievance orders:

- September 22, 2023: Supervisor Alexander Urquia falsely assured Union Representative Christopher Collier that "management will comply with Step B decisions," despite never taking action to process Plaintiff's back pay (Exhibit T: Grievance Worksheet Showing Urquia's False Assurance).

- January 19, 2024: In its Notice of Right to File, Defendant's agents falsely represented that they were "working on issuing the back pay award" to Plaintiff. As of March 25, 2025, more than 18 months have passed since the Dispute Resolution Team (DRT) ordered management to make Plaintiff whole. Additionally, more than 13 months have elapsed since Defendant falsely assured Plaintiff that they were 'working on' processing his back pay. Despite these obligations, Plaintiff has yet to receive the wages lawfully owed to him. (Exhibit J: Agency Notice of Right to File).

- These misleading assurances were designed to delay accountability while continuing to withhold Plaintiff's wages in retaliation for his EEO activity. This deliberate deception constitutes further adverse action under 42 U.S.C. § 2000e-3(a).

## G. EEOC Final Action

26. On December 9, 2024, Defendant issued a *Notice of Final Action*, denying relief but granting Plaintiff the Right to File Civil Action under 42 U.S.C. § 2000e-16(c) (Exhibit Q: Notice of Final Action from Defendant).

## IV: CAUSE OF ACTION – RETALIATION (42 U.S.C. § 2000e-3(a))

27. Protected Activity: Plaintiff engaged in protected EEO activity by opposing unlawful employment practices and filing formal and informal EEO complaints.

28. Adverse Actions: Defendant retaliated against Plaintiff by:

- Falsifying payroll records by marking Plaintiff as "deceased" to block wages.

- Unlawfully withholding back pay by refusing to process PS Form 8038.

- Defying four separate Dispute Resolution Team (DRT) orders mandating full back pay.

- Obstructing payroll transparency by blocking Plaintiff's payroll inquiries.

- Omitting Plaintiff's retaliation claims from official EEO correspondence.

29.   **Causal Link & Pattern of Retaliation:** Defendant's retaliatory intent is evident based on the following:

- Temporal Proximity: Just six days after Plaintiff threatened to file an EEO complaint on September 5, 2023, Defendant falsely marked him as "deceased," blocking his wages and causing immediate financial distress.

- Pattern of Retaliation & Prolonged Noncompliance: Defendant has engaged in an intentional, sustained refusal to comply with multiple legally binding back pay directives:

- 7+ months have passed since the last directive ordering compliance on July 31, 2024, which Defendant continues to ignore.

- 13+ months have passed since the last false assurance given by Defendant on January 19, 2024, falsely stating that back pay was "being worked on."

- 18+ months have passed since the first binding order was issued by the Dispute Resolution Team (DRT) on August 21, 2023.

- Procedural Obstruction: Defendant deliberately ignored Plaintiff's completed PS Form 8038, which was necessary for processing back pay.

- **False Assurances & Bad Faith Delay:** USPS intentionally misled Plaintiff and his union representatives, repeatedly claiming that his back pay was being processed when, in reality, it was being withheld in retaliation.

30. **Disparate Treatment & Retaliatory Obstruction of Back Pay**

Defendant's retaliatory intent is further proven through selective enforcement and disparate treatment in handling back pay, particularly in its vastly different treatment of Plaintiff and a similarly situated employee, Cemroy Davis:

- **Identical Circumstances:** Plaintiff and Davis were suspended on the same date, at the same time, for the same alleged conduct.

- **Identical Step B Decisions:** Both received completely identical Step B grievance decisions, issued on the same date by the same Dispute Resolution Team, ordering full back pay (Exhibit A: Plaintiff's Step B Decision; Exhibit R: Cemroy Davis Step B Decision).

- **Unequal Treatment:** Defendant promptly paid and reinstated Davis after he withdrew and dissolved his EEO complaint

11

- However, Defendant unlawfully withheld Plaintiff's back pay for over 18 months simply because Plaintiff continued to pursue his EEO claims.

- **Retaliatory Motive & Coercion:** Defendant's selective enforcement of back pay obligations reveals a clear pattern of coercion—. rewarding employees who abandon their EEO complaints while punishing those who assert their legal rights.

31. **Defendant Weaponized Back Pay as a Tool of Retaliation**

Defendant used financial deprivation as a coercive tactic, conditioning the timely processing of earned wages on an employee's willingness to relinquish their legal rights.

- Defendant refused to pay Plaintiff despite a binding Step B decision (Exhibit A), while expediting payment for Davis solely because he dissolved his EEO case (Exhibit R; Exhibit S).

- This clear retaliatory strategy was intended to punish Plaintiff and deter future EEO activity, demonstrating a blatant violation of Title VII's anti-retaliation protections.

# V. EMOTIONAL & MENTAL DISTRESS CAUSED BY DEFENDANT'S RETALIATORY ACTIONS

The Defendant's egregious and punitive actions inflicted not only severe financial harm but also profound emotional and mental distress upon Plaintiff and his family. As a father, husband, and primary provider, Plaintiff endured immense psychological suffering due to the Defendant's deliberate retaliation, wrongful suspension, and willful refusal to process his back pay. The following subsections outline the extensive hardship and emotional toll caused by the Defendant's unlawful conduct.

## V-1. Holiday Season Eviction & Homelessness

- Just days before Christmas 2023, Plaintiff and his family were evicted from their home due to the Defendant's failure to reinstate his back pay despite multiple binding orders.

- With no financial resources, Plaintiff, his wife, and their two young children—ages six and nine months—were forced to sleep inside his wife's small two-door car in a parking lot.

- Plaintiff spent Christmas Eve in distress, unable to afford gifts or provide a stable home for his children, causing feelings of profound guilt and helplessness.

- On New Year's Day 2024, Plaintiff remained homeless, struggling to provide stability for his family while battling the overwhelming stress and uncertainty caused by Defendant's retaliatory conduct.

- Instead of celebrating the holidays in warmth and security, Plaintiff's family was subjected to the humiliation of displacement and financial ruin (Exhibit V-1: Eviction Notice).

## V-2. Psychological & Emotional Toll on Plaintiff

- Plaintiff suffered from severe anxiety, depression, and emotional breakdowns due to the financial devastation caused by Defendant's refusal to comply with legally binding grievance orders.

- The public humiliation of having to explain to landlords, creditors, and financial institutions why his payroll had been marked as "deceased" exacerbated his distress.

- Plaintiff experienced chronic sleep deprivation and panic attacks, fearing for his family's future (Exhibit V-2: Therapy receipts confirming mental health treatment).

- In an effort to cope, Plaintiff sought mental health therapy at Jackson Community Mental Health Center in March and April 2024:

- March 25, 2024 – Initial therapy session addressing severe stress, financial insecurity, and impact on family.

- April 9, 2024 & April 24, 2024 – Follow-up sessions due to worsening anxiety, sleep disturbances, and depressive symptoms.

- Plaintiff's treatment was abruptly discontinued when his federal employee health insurance was canceled.

- On July 12, 2024, Plaintiff received official notice stating:

  *"This is to inform you that your health benefits have been terminated. Your health benefits coverage under the Federal Employees Health Benefits (FEHB) Program has been terminated because you have been in a leave without pay (LWOP) status for 365 days. Your FEHB coverage was terminated effective 07/12/2024, the last day of the pay period in which the 365th day in LWOP occurred."*

- Had Defendant complied with the August 21, 2023, Dispute Resolution Team (DRT) decision and placed Plaintiff in a paid status as directed, his health insurance would not have been terminated.

- This forced termination of essential healthcare coverage prevented Plaintiff from continuing necessary mental health treatment, further exacerbating his emotional and psychological suffering (Exhibit V-3: Termination of FEHB Health Insurance Notice).

15

## V-3. Deterioration of Credit & Forced Vehicle Sale

- Plaintiff's credit score plummeted from 700 to 498 due to missed payments on rent, utilities, and vehicle loans—all caused by the Defendant's unlawful withholding of his wages.

- Plaintiff received a vehicle repossession notice due to missed payments caused by USPS's refusal to process his pay.

- To avoid repossession, Plaintiff was forced to sell his vehicle at a significant loss, further depleting his financial stability and leaving his family without reliable transportation (Exhibit V-4: Repossession Notice & Vehicle Sale Documentation).

## V-4. The Toll on Plaintiff's Family & Marriage

- Plaintiff's wife, also a USPS employee, was placed under enormous emotional strain due to the family's displacement and financial devastation.

- The overwhelming stress led to frequent arguments and tension in the marriage, further compounding Plaintiff's mental suffering.

- Plaintiff's six-year-old son, who has autism and ADHD, struggled immensely with the abrupt changes in living conditions, leading to behavioral regression, emotional outbursts, and increased difficulty in managing his special needs.

- Plaintiff felt immense guilt and emotional anguish over the inability to provide stability and security for his young children, further deteriorating his mental health.

## V-5. Long-Term Impact & Continued Hardship

- As of March 2025, Plaintiff has yet to receive his back pay, prolonging his financial hardship and psychological distress.

- Defendant's false assurances that his back pay was "being worked on" led to false hope and continued financial suffering.

- The prolonged delay has prevented Plaintiff from fully recovering, securing stable housing, or restoring his credit and financial well-being.

### Conclusion

The emotional, psychological, and financial devastation inflicted by the Defendant's actions is undeniable. USPS's refusal to process Plaintiff's rightful back pay, its deliberate delay tactics, and its cruel disregard for Plaintiff's well-being have resulted in irreversible harm. Plaintiff's experience goes beyond mere economic loss—it is a case of systemic retaliation designed to break him mentally, emotionally, and financially for exercising his EEO rights.

Defendant agents weaponized financial insecurity against Plaintiff, causing prolonged suffering that continues to this day. Plaintiff seeks full accountability for the severe distress and irreparable harm caused by Defendant's unlawful retaliatory actions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Back Pay + Interest:

- An order requiring Defendant to pay all wages and benefits owed from June 9, 2023, to November 20, 2024, including overtime, with interest, under 42 U.S.C. § 2000e-5(g)(1).

2. Compensatory Damages:

- Economic Losses: Compensation for eviction-related damages, loan defaults, credit harm, forced vehicle sale, and other financial setbacks totaling $56,499.59, under 42 U.S.C. § 1981a(b)(2).

- Emotional Distress: Compensation for mental anguish, humiliation, and reputable harm in the amount of $300,000, under 42 U.S.C. § 1981a(b)(3).

3. Court Costs & Fees:

- An award of court filing fees, litigation costs, and other necessary expenses under 28 U.S.C. § 1920.

4. Injunctive Relief:

- An order directing Defendant to immediately process and disburse Plaintiff's full back pay under court supervision.

- An order requiring disciplinary review of Manager Mario M. Bossano for noncompliance with Step B decisions and falsifying payroll records.

5. Other Relief:

- Any further relief the Court deems just and equitable under the circumstances.

## VI. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

*Darrin Ernest Gordon*

Darrin E. Gordon, Pro Se                          Dated: March 7, 2025
P.O. Box 523551
Miami, FL, 33152-3551
(786) 857-0286
Gordondarrin60@yahoo.com

# TABLE OF EXHIBITS

## Retaliation Exhibits

| Exhibit | Description | Date | Reference |
|---------|-------------|------|-----------|
| Exhibit A | Step B Decision for Plaintiff (Ordering Reinstatement & Back Pay) | August 21, 2023 | 1-2 |
| Exhibit B | Accounting Help Desk Email Confirming "Deceased" Payroll Status | September 11, 2023 | 3-4 |
| Exhibit C | Management Return Email (Confirming USPS, Not Truist, Marked Payroll as "Deceased") | September 29, 2023 | 5-6 |
| Exhibit D | Accounting Help Desk Email Confirming Check Pending in CCTS | September 29, 2023 | 7-8 |
| Exhibit E | Truist Bank Call Logs (Confirming No ACH R15 Rejection & No "Deceased" Status) | October 4 - 5, 2023 | 9-11 |
| Exhibit F | HRSSC Call Log (Confirming No Notification of Plaintiff's Death) | October 5, 2023 | 12-13 |
| Exhibit G | Eviction Summons Response (Financial Harm Due to Withheld Wages) | October 10, 2023 | 14-15 |
| Exhibit H | Informal EEO Complaint Filed by Plaintiff | October 24, 2023 | 16-17 |
| Exhibit I | PS Form 8038 (Back Pay Form) | November 14, 2023 | 18-25 |
| Exhibit J | Agency Notice of Right To File | January 14, 2024 | 26-27 |

| Exhibit K | Plaintiff's Formal EEO Complaint | January 31, 2024 | 28-30 |
|---|---|---|---|
| Exhibit L | Partial Acceptance/ Dismissal Letter | February 22, 2024 | 31-36 |
| Exhibit M | Litigation Hold Records (Bossano's Noncompliance vs. Urquia's Compliance) | March 25 - 26, 2024 | 37-39 |
| Exhibit N | Three Additional Grievance Decisions (Cease & Desist Orders & Compliance Grievance) | July 24 - 31, 2024 | 40-43 |
| Exhibit O | Accounting Help Desk Correspondence (Blocking Payroll Inquiries via "Submitter-Only Rule") | November 5, 2024 | 44-45 |
| Exhibit P | Accounting Help Desk Email Confirming No Back Pay as of February 2025 | February 26, 2025 | 46-47 |
| Exhibit Q | Notice of Final Agency Decision Denying Relief | December 9, 2024 | 48-49 |
| Exhibit R | Step B Decision for Cemroy Davis (Identical to Plaintiff's) | August 21, 2023 | 50-51 |
| Exhibit S | Cemroy Davis Back Pay Report (Showing Payment Processed) | April 29, 2024 | 52-57 |
| Exhibit T | Grievance Worksheet Showing Urquia's False Assurances | September 22, 2023 | 58-59 |

# Emotional & Financial Distress Exhibits

| Exhibit | Description | Date | Reference |
|---|---|---|---|
| Exhibit V-1 | Eviction Notice (Demonstrating Housing Instability Due to USPS's Retaliation) | December 14, 2023 | 60-66 |
| Exhibit V-2 | Therapy Receipts & Treatment Records (Confirming Mental Health Treatment) | March 25, 2024 – April 24, 2024 | 67-71 |
| Exhibit V-3 | Termination of FEHB Health Insurance Notice | July 12, 2024 | 72-73 |
| Exhibit V-4 | Vehicle Repossession Notice & Forced Sale Documentation | October 1 – 27, 2023 | 74-80 |

Note: Page references in the Table of Exhibits correspond to the PDF reader's page numbers for easy navigation. These page numbers appear at the bottom right of the document. If Bates numbering is preferred, the table will be revised accordingly.

# Exhibit A

## Step B Decision for Plaintiff (Darrin Gordon)

## August 21, 2023



SOUTH FLORIDA DISPUTE RESOLUTION TEAM
1801 POLK STREET 2ᴺᴰ FLOOR
HOLLYWOOD, FL. 33022-9998


**UNITED STATES
POSTAL SERVICE**



# STEP B DECISION

**Step B Team**
USPS: K. Voegtle
NALC: M. Fleming

**District Grieving:**
Florida 3

## RECEIVED

### SEP 0 1 2023

BRANCH 1071-NALC
HEADQUARTERS

| | |
|---|---|
| Decision | **RESOLVED** |
| USPS Number | 4G 19N-4G-D 23332906 |
| Grievant | **Gordon, Darrin** |
| Branch Grievance # | MIA-2023-1141 |
| Branch | 1071 |
| Installation | Miami |
| Delivery Unit | Quail Heights |
| State | Florida |
| Incident Date | 06/09/2023 |
| Date Step A Initiated | 06/14/2023 |
| Formal Step A Meeting Date | 07/26/2023 |
| Date Received at Step B | 08/16/2023 |
| Step B Decision Date | 08/21/2023 |
| Issue Code | 16.7000 |
| NALC Subject Code | 000385 |
| Original Step B Received Date: | N/A |
| Date Sent to Assisting Team: | N/A |

**ISSUE STATEMENT**
Was the Emergency Placement/16.7 initiated on June 9, 2023, to Letter Carrier Darrin Gordon for just cause? If not, what is the appropriate remedy?

**DECISION**
The Dispute Resolution Team (DRT) has decided to **RESOLVE** this grievance. After a careful review of the case file, the parties at Step B have determined that management did not have just cause to place the grievant in an Emergency Off-Duty Status (without pay). The Emergency Placement in an Off-Duty Status (without pay) notice dated June 9, 2023, is rescinded, and will be removed all records and files.

At Management's discretion, the grievant shall be returned to duty or placed in a paid status in lieu of, upon receipt of this decision. The grievant will be made whole for all lost wages and benefits from June 9, 2023, until he is returned to work. Local Management must initiate a pay adjustment within seven (7) business days upon receipt of this decision. A copy of the pay adjustment record that reflects this decision will be given to NALC Branch 1071, and a copy shall be kept on file.

If the adjustment equates to 80 hours or more, the grievant and local management will be responsible for completing PS Form 8038, *Employee Statement to Recover Back Pay*, and PS Form 8039, *Back Pay Decision/Settlement Worksheet*. The documents, along with a copy of this settlement, shall be sent **to EAGAN IT/ASC, FINANCIAL PROCESSING UNIT, PAY LOCATION 9616, 2825 LONE OAK PARKWAY, EAGAN, MN 55121-9616.**

Management shall seek the assistance of District Labor Relations if they require additional information on the processing of this adjustment.

*cc - Christopher Collier*
*Darrin Gordon*
*8150 Sw 72 Ave*
*Miami, Fl. 33143-7744*

2

# Exhibit B

# Accounting Help Desk Email Confirming Deceased Designation from Management

# September 11, 2023

**From:** ASBS Notification <helpdeskaccounting-st.louis@usps.gov>
**Date:** September 29, 2023 at 12:04:48 PM EDT
**To:** gordondarrin60@yahoo.com
**Subject: INC000027328489**
**Reply-To:** ASBS Notification <helpdeskaccounting-st.louis@usps.gov>

Hello,

You are in the system as still active, but your office returned the check with a note stating that you are deceased. The name of the person is unreadable. I will send this ticket to Eagan Disbursing department to assist you.

Thank you.

Darrin is calling because he had a direct deposit that he no longer
00167

Affidavit A
Page 86 of 87

has the account for. The deposit (pay period 18) did not go into the account per the bank. He wants to verify that the check returned to USPS.

The check is in CCTS issued on 09/07/2023, but it is pending. He has been put in the system as DECEASED.

Check # 120403703

Email Attachment :

4

# Exhibit C

# Management Return Email (Confirming USPS, Not Truist Bank, Marked Plaintiff as Deceased)

# September 29, 2023

**From:** ASBS Notification <helpdeskaccounting-st.louis@usps.gov>
**Date:** September 29, 2023 at 11:43:33 AM EDT
**To:** gordondarrin60@yahoo.com
**Subject: Incident INC000027328489 Escalated to ASC Branch Notification**
**Reply-To:** ASBS Notification <helpdeskaccounting-

00147

Affidavit A
Page 66 of 87

st.louis@usps.gov>

Dear Accounting Services Customer,

Summary: Payroll - Payroll employee NOT Deceased

Your incident has been escalated to a Tier 2 Accounting Service Center Branch. Your Tier 2 Incident Number is INC000027328489 / Service Request REQ000000903511 (if applicable). This number should be retained for reference purposes.

The following information was submitted to Accounting Services:

> Darrin is calling because he had a direct deposit that he no longer has the account for. The deposit (pay period 18) did not go into the account per the bank. He wants to verify that the check returned to USPS.
>
> The check is in CCTS issued on 09/07/2023, but it is pending. He has been put in the system as DECEASED.
>
> Check # 120403703

Yours sincerely,

Accounting Help Desk Representative

6

# Exhibit D

## Accounting Help Desk Email Confirming Paycheck Pending in CCTS From September 11 – 29, 2023

# September 29, 2023

7

**Sent:** Friday, September 29, 2023 2:43 PM
**To:** Bossano, Mario M - Hialeah, FL
<Mario.M.Bossano@usps.gov>; Falcon, Mayelin - Miami, FL
<Mayelin.Falcon@usps.gov>; Mesa, Roberto
<Roberto.Mesa2@usps.gov>; Ortiz, Jackira J - Miami, FL
<Jackira.J.Ortiz@usps.gov>; Scarlett, Joshua - Homestead, FL
<Joshua.Scarlett@usps.gov>; Urquia, Alexander P - Miami,
FL <Alexander.P.Urquia@usps.gov>
**Cc:** Reinsch, Larry R - Eagan, MN <larry.r.reinsch@usps.gov>;
Sheriff, Samuel K - Houston, TX
<Samuel.K.Sheriff@usps.gov>; Brenny, Shannon - Eagan,
MN <Shannon.Brenny@usps.gov>
**Subject:** Returned Payroll check for Darrin E Gordon EIN
04452538
**Importance:** High

Good Afternoon,

I have a payroll check for the above employee with a note
stating that he is deceased. There was no legible name or
phone number included, so I don't know who returned it.

00142

Affidavit A
Page 61 of 87

Mr. Gordon has called the Accounting Help Desk stating he
is not deceased.  He is still active in our system, I have not
yet received notification from HRSSC of his passing, and I
can't find an obituary. I do see he has not had any wages
since PP 15/2023.

Is he actually deceased? Or can we release the check to
him?

Please advise.

Thank you.



Lisa Berglund
Accounting & Control Specialist
Eagan IT/ASC
651-406-1013
TELEWORKING

8

# Exhibit E

# Truist Bank Call Logs Confirming No ACH R15 Code or Deceased Status

# October 4 - 5, 2023

< Recents                                           Edit



# Truist

                                                  $
message          call          v.deo                              pay

October 4, 2023

1:36 PM   **Outgoing Call**
          17 minutes

phone `RECENT`
(844) 487-8478

Notes

Send Message

Share Contact

Add to Favorites

                                        
Favorites        Recents        Contacts        Keypad        Voicemail

10

< Recents

Edit



# Truist

   

message     call     video         pay

## October 5, 2023

8:28 AM   **Outgoing Call**
           1 hour 41 minutes

8:27 AM   **Outgoing Call**
           43 seconds

phone **RECENT**
(844) 487-8478

Notes

Send Message

Share Contact

    

Favorites     Recents     Contacts     Keypad     Voicemail

11

# Exhibit F

# HRSSC Call Log Confirming Plaintiff's Active Employment Status

# October 5, 2023

 Recents  Edit



# HR Shared Service Center(HRSSC)

 message     call     video     pay

October 5, 2023

5:13 PM **Outgoing Call**
1 hour 10 minutes

5:05 PM **Outgoing Call**
6 minutes

4:49 PM **Canceled Call**

phone `RECENT`
(877) 477-3273

Notes

Send Message

 Favorites     Recents     Contacts     Keypad     Voicemail

13

# Exhibit G

# Eviction Summons Response

# October 10, 2023

14

THE ORIGINAL FILED
IN THE OFFICE OF THE CLERK
LOC # 25 _____
CIRCUIT & COUNTY COURTS
DADE COUNTY FLORIDA
ON ____ OCT 1 0 2023 ____

CASE NO. 23-125604-CC-25
RESIDENTIAL EVICTION
Darrin Ernest Gordon
Gordondarrin6D@yahoo.com
(786)857-0286

Dear Judge,

The reason I am unable to pay my rent for September 1st, 2023 and October 1, 2023 rent at AMLI JOYA is because of my employer. I am Currently employed with the United States Postal Service and there is back pay that I am entitled to. However, management at my branch/office is unlawfully refusing to pay. I have had my union NALC (National Association of Letter Carriers) file greivances on my behalf. The union and USPS both agreed that I am to be paid within seven (7) days of the resolved greivance. Still management continued to breach the National agreement by intentionally disregarding the contract. I am currently in the process of an EEO with the EEOC (Equal Employment Opportunities Commission). I also filed an complaint with the NLRB (Nation Labor Relations Board). The back pay Dates are June 9th, 2023 – September 1st, 2023. If I was paid within the seven (7) days as the agreement States, I would have been able to satisfy my debts with AMLI JOYA.

Darrin Gordon
Darrin Gordon
10/10/2023

15

# Exhibit H

# Informal EEO Complaint

# October 24, 2023



# Existing Complaint Status

## Case Number   4G-330-0044-24

**Filed Date:**

10/24/2023

**Subject:**

Submitted from efile Converted EEO Contact Case PRE-001348-2024 to Informal.

**Claim(s):**

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Harassment - Non-Sexual | 09/29/2023 | General: Reprisal | | did not receive my paycheck dated 9/7/23 turned out management returned &quot;deceased&quot; i feel it was done in retaliation. |
| Other Pay | 09/14/2023 | General: Reprisal | | (Additional basis entered from efile: None Specified) The RMO retaliated against me for participating in EEO Activity. The RMO participated in a discriminatory action against me. I requested a Union Shop Steward to represent me in the matter and the grievance was settled for me to be paid back-pay. The RMO refused to pay me back-pay in retaliation for me participating in EEO activity. I am being harmed financially and mentally by the RMO"s actions. |

**Complaint Status:**

Initial Interview with Counselee (Put a check ).

**Counselor:**

No counselor is currently assigned to this case.

**Case Manager:**

Fuller MDR, Wendy

**Events:**

Complaint Events:

| Date | Event Description |
|---|---|
| 10/30/2023 | Initial Interview with Counselee (Put a check ) |
| 10/27/2023 | 60-Day Extension |
| 10/27/2023 | CMS Counselor Assignment |
| 10/24/2023 | Mediation - Elected |
| 10/24/2023 | Mediation - Offered |
| 10/24/2023 | Initial Contact |
| 10/24/2023 | EEO Contact Closure |
| 10/24/2023 | 2564A or Equivalent Received by EEO Office |
| 10/24/2023 | EEO Contact Start |

17

# Exhibit I

# PS Form 8038 (Completed but Not Processed By Management)

# November 14, 2023

 **UNITED STATES POSTAL SERVICE** ®

**Employee Statement To Recover Back Pay**

**INSTRUCTIONS:** An employee may receive payment of back pay compensation authorized by: (1) a settlement agreement, arbitration award, or agency or court decision in the case of a contested personnel action; (2) a rescission in the case of an uncontested personnel action; or (3) a United States Postal Service® approval of back pay in the case of an erroneous retirement determination.

If you have been authorized to receive back pay compensation by one of the methods shown above, before your back pay claim can be processed, you must:

   a.   Complete this form.

   b.   Provide all required supporting documentation. Attach additional pages as necessary, noting on each attached page the question to which it relates.

### A. Employee Identification

| Name (Last, First, MI) | Address (Number, street, box, ste./apt. no.) |
|---|---|
| Gordon, Darrin, E | 8250 SW 72nd Ave PH148, |

| Claimant's EIN (Employee ID) | City | | |
|---|---|---|---|
| 04452538 | Miami | | |

| State | ZIP+4® | Telephone No. (Include area code) | Current Position Title | Designation/Activity Code (DES/ACT) |
|---|---|---|---|---|
| FL | 33143-7747 | (786)857-0286 | Letter Carrier | 134 |

| Back Pay Period: From (MM/DD/YYYY) | Back Pay Period: To (MM/DD/YYYY) | Employing Office Finance No. | Employing Office Telephone No. (Include area code) |
|---|---|---|---|
| 06/09/2023 | 07/20/2023 | | (305)378-6759 |

| Employing Office Address (Number, street, box, ste./apt. no.) | City |
|---|---|
| 10360 SW 186th St | Miami |

| State | ZIP+4 | USPS® Labor Relations or Human Resources Contact | USPS Contact Telephone No. (Include area code) |
|---|---|---|---|
| FL | 33197-9998 | | |

### B. Statement Questions

**Employment – Questions 1 – 4**

1.   **Did you seek outside employment during the back pay period?**      ☐ Yes ☑ No

   **NOTE:** Outside employment is employment you obtained during the back pay period.

   **NOTE:** Postal Service™ employees eligible for veterans' preference are not required to make reasonable efforts to obtain other employment while pursuing an administrative appeal with the Merit Systems Protection Board (MSPB).

        If YES, and if no outside employment was obtained for all or part of the back pay period, you must furnish the information required below based on the type of personnel action and the length of the back pay period.

   a.   **SEPARATIONS AND INDEFINITE SUSPENSIONS.** If the back pay claim is for a period of separation or indefinite suspension, you must furnish the following:

        (1)   If the back pay period is 45 days or less, you must the answer questions on this form.

        (2)   If the back pay period is more than 45 days but less then 6 months, you must provide a written explanation of the reasons outside employment was not obtained for all parts of the back pay period except for the first 45 days.

        (3)   If the back pay period is 6 months or more, you must provide detailed information concerning the efforts you made to obtain other employment for all parts of the back pay period except for the first 45 days. Please provide the following information for **each** employer:

Questions 1 – 4 continued on Page 2

PS Form **8038**, April 2009, Page 1 of 6  PSN 7530-01-000-9907

19

Questions 1 - 4 continued

    (a) The date or approximate date the contact was made.
    (b) The business name, address, and telephone number.
    (c) Whether the contact was in person, by telephone, or by mail.
    (d) The name of the person contacted or who conducted the interview.
    (e) Whether an employment application was filed.
    (f) The reason, if known, why employment was not offered.

  b. DENIAL OF EMPLOYMENT. If the back pay claim is for a period during which employment with the Postal Service was denied, you must provide the information required in item 1a(3) above for ALL parts of the back pay period during which other employment was not obtained.

---

**2. Did you have earnings from outside employment during the back pay period?** ☐ Yes ☑ No

If YES, you must attach a statement from each of your employers showing the total number of hours you worked and your gross earnings for the back pay period.

NOTE: Outside employment is employment you obtained during the back pay period.

*Attach your employment/earnings statement.*

---

**3a. Did you have any earnings from secondary employment during the back pay period?** ☐ Yes ☑ No

NOTE: Secondary employment is employment that you had while working for the Postal Service directly prior to the back pay period and that would have continued even if you had continued working for the Postal Service.

If NO, go to question 4.

If YES, you must attach a statement from each of your employers showing the total number of hours you worked and your gross earnings for the back pay period and go to question 3b.

*Attach your employment/earnings statement.*

---

**3b. Were the work hours of your secondary employment expanded (increased) during this period?** ☐ Yes ☐ No

If YES, you must submit a statement from each of your employers showing the hours you worked and your gross earnings for the 6-month period prior to the beginning of the back pay period as well as for the back pay period.

*Attach your employment/earnings statement.*

---

**4. Were you self-employed during the back pay period?** ☐ Yes ☑ No

If YES, you must submit an affidavit indicating the gross amount earned and any deductions for ordinary and necessary business expenses incurred in conjunction with such self-employment. Any business expense deductions claimed must be itemized and substantiated by receipts or other documentation, when available. If such employment existed prior to the back pay period, you must also submit your earnings for the 6-month period prior to the beginning of the back pay period.

*Attach your affidavit and employment/earnings statement.*

PS Form 8038, April 2009, Page 2 of 6

20

*Other Income – Questions 5 – 7a & b*

5. **Did you receive unemployment compensation during the back pay period?** ☐ Yes ☑ No

If YES, identify the state(s) from which unemployment compensation was received, date(s) covered, and amount(s) received, and attach an earnings statement from each state employment security agency.

| STATE FROM WHICH COMPENSATION RECEIVED | STARTING DATE | ENDING DATE | GROSS AMOUNT RECEIVED |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

*Attach your earnings statements.*

6. **Did you receive worker's compensation for any time during the back pay period?** ☐ Yes ☑ No

If YES, note whether you received full or partial compensation, identify the date(s) covered and amount(s) received, and attach documentation of the workers' compensation payments received.

| FULL OR PARTIAL | STARTING DATE | ENDING DATE | GROSS AMOUNT RECEIVED |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

*Attach documentation.*

7a. **Did you receive any annuity payments from the federal government during the back pay period?** ☐ Yes ☑ No

If YES, write in your Civil Service Annuity (CSA) retirement account number _____.
Identify the date(s) covered and amount(s) received.

| STARTING DATE | ENDING DATE | GROSS AMOUNT RECEIVED |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

NOTE: The amount will be deducted automatically from the back pay award and transmitted to the Office of Personnel Management (OPM) to be applied to your indebtedness to the federal retirement system and restore the applicable retirement credits.

7b. **Did you make a voluntary withdrawal of deposits made to your CSRS or FERS retirement account?** ☐ Yes ☑ No

If YES, please indicate the amount withdrawn $ _____.

NOTE: The amount will be deducted automatically from the back pay award and transmitted to the Office of Personnel Management (OPM) to be applied to your indebtedness to the federal retirement system and restore the applicable retirement credits.

*Attach additional sheets if necessary.*

PS Form 8038, April 2009, Page 3 of 6

21

**Leave** – *Questions 8a & 8b*

**8a.** **During the back pay period, were you ready, willing, and able to perform your Postal Service job?**    ☑ Yes ☐ No

If YES, go to question 9.

If NO, provide an explanation of your inability to work and state the beginning date(s) and ending date(s) of each period that you were unable to work, and go to question 8b.

*Attach additional sheets if necessary.*

**8b.** **Do you want to substitute credited annual leave or sick leave pursuant to the requirements of *Employee and Labor Relations Manual* (ELM) 510 for periods when you were not ready, willing, and able to perform your Postal Service job?**    ☐ Yes ☐ No

**Note:** If you were unable or unwilling to perform your job during the back pay period and you do not request annual or sick leave, you will not receive any compensation from the Postal Service for that period.

If YES, identify date(s) to be covered and type of credited leave to be substituted.

| STARTING DATE | ENDING DATE | TYPE OF CREDITED LEAVE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**NOTE:** You must submit PS Form 3971, *Request for or Notification of Absence*, to your supervisor or manager for any periods listed above.

*Attach additional sheets if necessary.*

**Health Insurance Benefits** – *Question 9*

**9.** **Do you want to have Federal Employees Health Benefits (FEHB) coverage?**    ☑ Yes ☐ No

If YES, indicate which one of the following options you prefer:

☐ Enroll in a new plan or option.

OR

☑ Reinstate your prior enrollment, retroactive to the date it was terminated.

**Thrift Savings Plan** – *Questions 10a – 10c*

**10a.** **What was your employment status during the back pay period?**

Terminated?
  OR                                         ☐ Yes ☑ No

Leave Without Pay (LWOP)?
  OR                                         ☑ Yes ☐ No

Denied Postal Service employment (you were not hired)?    ☐ Yes ☑ No

If YES to "denied Postal Service employment": Contact the Human Resources Shared Services Center for assistance in completing and submitting the correct documentation.

PS Form **8038**, April 2009, Page 4 of 6

22

**Thrift Savings Plan** – Questions 10a – 10c continued

**10b.** Do you want to participate in the Thrift Savings Plan (TSP) during the back pay period?   ☐ Yes  ☑ No

If YES, you must provide TSP-1 Forms for deductions for participation during the back pay period.

**Note:** The TSP-1 Forms cover only the back pay period. Upon your return to work you must access *PostalEASE* if you wish to participate in TSP and have contributions deducted from your current earnings.

Attach Form(s) TSP-1 and/or Form(s) TSP-1c.

**10c.** Did you make one or more Financial Hardship In-Service Withdrawals from your TSP account?   ☐ Yes  ☑ No

If NO, go to Question 11:

If YES:

How many Financial Hardship In-Service Withdrawals did you make?_____

What is your eligibility date to resume TSP contributions?_____

**Note:** Employees are excluded from making TSP contributions for six months (13 pay periods) after receiving a Financial Hardship In-Service Withdrawal. To determine your eligibility date, see the notice you received from the TSP at the time your most recent financial hardship in-service withdrawal was processed. For more information, contact the Human Resources Shared Services Center, or the TSP at 1-877-968-3778.

Attach Form(s) TSP-1 and/or Form(s) TSP-1c with the effective date as your eligibility date.

**Flexible Spending Accounts** – Question 11a - 11c

**11a.** Were you enrolled in the Flexible Spending Account (FSA) program prior to the back pay period?   ☐ Yes  ☑ No

**11b.** If the answer to 11a is Yes, did your FSA participation end because of reaching eight consecutive pay periods of LWOP or because of termination associated with the back pay?   ☐ Yes  ☐ No

**11c.** If you answered Yes to 11b, you have two options. Please select either one of the options below (but not both).

1. **Do nothing.** If you choose to do nothing, any outstanding invoice for FSA contributions applicable to the back pay period (up to eight consecutive full pay periods) will be adjusted and the amount deducted from your back pay award. You will be eligible for reimbursement from FSA for any qualified claims for expenses for eligible services or items you received through the ending date of FSA participation as it occurred during the back pay period.

   Do you choose to do nothing?   ☐ Yes  ☐ No

2. You can choose to have your FSA participation restored up to the balance of the current Plan year, which ends on December 31 (or, if you subsequently separated from Postal Service employment, the FSA plan year ends the day after your separation). If you choose this option, *in addition to any outstanding invoice for FSA contributions applicable to the back pay period*, you will owe FSA contributions for the additional term of participation and can submit claims for reimbursement for eligible expenses you incurred through the last day of the current Plan year. (Beginning December 31, 2005, if you were an FSA participant on December 31 of each year you may also file claims for expenses for eligible services or items you received during the grace period for each plan year, which is the following January 1 through March 15.)

   Do you want to restore your FSA participation for the balance of the Plan year?   ☐ Yes  ☐ No

   **Note:** If you missed FSA Open Season enrollment during the back pay period and would like to begin participation now, please contact the Human Resources Shared Services Center.

PS Form 8038, April 2009, Page 5 of 6

23

*Postal Service Indebtedness — Question 12*

12. **Do you have any outstanding indebtedness to the Postal Service that is not related to the period of your back pay award?**  ☐ Yes  ☒ No

   If YES, please indicate the amount, if any, you would like deducted from your final award.

   $ _____

*Life Insurance*

Eligibility for life insurance coverage after a return to pay and duty status is determined by the law and regulations for the Federal Employees' Group Life Insurance (FEGLI) Program, administered by the Office of Personnel Management (OPM).

For detailed information on how FEGLI handles coverage in such situations, and what options are available to a Postal Service employee, see *Employee and Labor Relations Manual* (ELM) 436.5, Life Insurance Coverage.

### C. Privacy Act Statement

Your information will be used to determine the amount of back pay you are entitled to receive under a decision/award or settlement agreement authorized by an appropriate authority. Collection is authorized by 39 U.S.C. 401, 409, 410, 1001, 1003, 1004, 1005, and 1026; and 29 U.S.C. 2601 *et seq*. Providing this information is voluntary, but if not provided, we may not be able to process your back pay claim.

We may only disclose your information as follows: in relevant legal proceedings; to law enforcement when the U.S. Postal Service (USPS) or requesting agency becomes aware of a violation of law; to a congressional office at your request; to entities or individuals under contract with USPS; to entities authorized to perform audits; to labor organizations as required by law; to federal, state, local, or foreign government agencies regarding personnel matters; to the Equal Employment Opportunity Commission; to the Merit Systems Protection Board or Office of Special Counsel; and to federal, state, or local governments administering benefit or other programs to conduct a computer match to verify eligibility, indebtedness, or compliance with requirements of the program.

**Civil Penalty for Presenting False or Fraudulent Claim:**

A person who submits a false or fraudulent claim is liable for a civil penalty of not less than $5,000 and not more than $10,000, plus an amount equal to three times the amount of damages sustained due to the false or fraudulent claim, and the costs of any civil action brought to recover such amounts (see 31 USC 3729-3731).

**Criminal Penalty for Presenting False or Fraudulent Claim or Making False or Fraudulent Statements:**

A person who submits a false or fraudulent claim or makes a false or fraudulent statement is liable for a criminal fine or imprisonment for not more than 5 years or both (see 18 USC 287, 1001).

### D. Employee Signature

I hereby certify that my answers to the above questions are true and correct to the best of my knowledge and belief, and I understand the above provisions regarding the Privacy Act Statement and the civil and criminal penalties for presenting false or fraudulent claims or making false or fraudulent statements.

_____  09/12/23
Signature                                                Date

# M Gmail

Darrin Gordon <ratedhd6@gmail.com>

## Employee Statement To Recover Back Pay

Darrin Gordon <ratedhd6@gmail.com>
Draft

Wed, Sep 13, 2023 at 3:01 PM

1. a (2) If the pay period is more than 45 days but less than 6 months, you must provide a written explanation of the reasons outside employment was not obtained for all parts of the back pay period except for the first 45 days.

The reason(s) outside employment was not obtained because I was never instructed or provided any notice that I was required to seek/obtain outside employment.

September 12th, 2023

Darrin Ernest Gordon

25

# Exhibit J

# Notice of Right to File

# January 19, 2024

COMPLIANCE & APPEALS
EEO FIELD OPERATIONS


**UNITED STATES**
**POSTAL SERVICE**

January 19, 2024

Darrin E Gordon                                  Notice of Right to File
10360 SW 186TH ST                                EEO Pre-Complaint No. 4G-330-0044-24
MIAMI FL 33197-9998

                                                 USPS Tracking Number:
                                                 232128800000004452894

Dear Darrin E Gordon:

This letter is to notify you that I have concluded the processing of your claim of discrimination initiated on October 24, 2023. In this matter you alleged discrimination based on Reprisal, based on the following claims:

   When on September 14, 2023, management failed to submit the backpay award that you were entitled too after a step B decision on August 21, 2023.
   When on September 29, 2023, you were made aware that your paycheck for 9/1/23 was returned as Deceased.

An inquiry was conducted, and management responded that they are working on doing the backpay award and that management did not receive a paper check therefore could not return it deceased.

At this time there is no resolution to your counseling request. You have two options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request, or you can elect to file a formal complaint.

If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15-day time limit. Your complaint will be deemed timely if it is postmarked before the expiration of the 15-day time limit. The complaint must be specific and contain only those issues either specifically discussed with me or issues that are like or related to the issues that you discussed with me.

Enclosed are the required forms if you wish to pursue your complaint further through the EEO process. If you choose to file a formal complaint, you must complete, sign, and date PS Form 2579 and PS Form 2565 and return them to the following address:

                        NEEOISO-Formal Complaint
                        U.S. Postal Service
                        P.O. Box 21979
                        Tampa, FL 33622-1979

Be aware that you are not permitted to use a penalty envelope to submit the formal complaint. You will receive a written acknowledgment of your formal complaint.

27

# Exhibit K

# Formal EEO Complaint

# January 31, 2024

28

**UNITED STATES POSTAL SERVICE** RECEIVED

FEB 08 2024

NEEOISO

**EEO Complaint of Discrimination in the Postal Service**
(See Instructions and Privacy Act Statement on back of form.)

| 1. Name | 2. SSN or EIN if Applicant | 3. Case Number |
|---|---|---|
| Darrin E Gordon | 044552538 | 4G-330-0044-24 |

| 4a. Mailing Address (Street or PO Box™) | 4b. City, State, and Zip + 4c |
|---|---|
| PO Box 523551 Miami, FL 33152 | Miami, FL 33152 |

| 5. Email Address Gordondarrin60@yahoo.com | 6. Home Telephone Number (786) 857-0286 | 7. Work Telephone Number ( ) |
|---|---|---|

| 8. Position Title (USPS Employees Only) Letter Carrier | 9. Grade Level (USPS Employees Only) 02/B | 10. Do You Have Veteran's Preference Eligibility ☐ Yes ☑ No |
|---|---|---|

| 11. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and Zip+4) Quail Heights 10360 SW 186th Street Miami, FL 33797 | 12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory Mario Bossano Customer Service Manager (CMS) |
|---|---|

| 13a. Name of Your Designated Representative Nora E Cozzillio | 13b. Representative Title Employment Law (Federal) Attorney |
|---|---|
| 13c. Mailing Address (Street or PO Box) 441 New Karner RD | 13d. City, State, and ZIP + 4 Albany, New York 12205 |
| 13e. Representative Email Address * NCozzillio@fedattorney.com | 13f. Home Telephone Number (202)375-2225 | 13g. Work Telephone Number (202) 375-2225 |

* Providing this information will authorize the Postal Service™ to send important documents electronically.

**14. Type of Discrimination You Are Alleging** (Select all that apply.)

☑ Race (Specify): African American
☑ Color (Specify): Black
☐ Religion (Specify):
☐ National Origin (Specify):
☐ Sex (Specify Male, Female):
☐ Sex (LGBT):
☐ Age (40+) (Specify Date of Birth):
☑ Retaliation (Specify Protected EEO Activity):
☐ Disability (Specify):
☐ Genetic Information (Specify):

**15. Date on Which Alleged Act(s) of Discrimination Took Place**
09/14/2023
09/29/2023

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, genetic information, disability, or retaliation for participation in a protected EEO activity. Note that if your allegation is similar or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1616.106(d). Please use additional pages if necessary.

The RMO (Responsible Management official) retaliated against me for participating in EEO activity. The RMO participated in a discriminatory agressive action against me. He did this because I filed a grievance with the union (NALC) and a EEO complaint. The First grievance was RESOLVED and I was to be made whole for all lost wages and benefits. I was also to be →

17. What remedy are you seeking to resolve this complaint?

I am seeking to be made whole for all lost wages and benefits. I am also seeking compensatory damages, emotional distress damages and discipline for the responsible Management official (RMO)

18. Did You Discuss Your Complaint with an EEO Alternative Dispute Resolution (ADR) Specialist or a REDRESS Mediator?

☑ Yes, Date you received the Notice of Final Interview: 12/06/2023, December 6th, 2023
☐ No

| 19a. Signature of EEO ADR Specialist *Lisa M Holterman* USPS Tracking No.: 23212880000004452894 | 19b. Date Signed 1/19/24 |
|---|---|
| 20. Signature of Complainant or Complainant's Attorney *Darrin* | 21. Date Signed 1/31/24 |

PS Form 2565, October 2015 (Page 1 of 2)

29

returned back to duty or placed in a paid Status in lieu of, upon reciept of the decision. Management was instructed to initiate a pay adjustment within Seven (7) business days upon reciept of the decision. I signed all of the required PS forms 8038 and 8039. The RMO refused to sign the forms so they can be sent to EAGAN IT/ASC, Financial Processing Unit to be processed. Several Non-compliances grievances has been filed since the delayed process of signing the required forms by the RMO. I was also never returned to duty or placed in a paid Status. I believe the action towards me is racially discriminatory. I am African American (Black) and all of the managing personel at my office Quail Hieghts are Cuban (European descent).

I also had a paper check mailed to Quail Heights 10360 SW 186th Street, Miami, FL 33197. This check was dated 09/07/2023 (September 7th, 2023). I asked my shop Steward Christopher Collier to retrieve the check for me once it arrives. He told me he asked management did they recieve a check for Darrin Gordon and they told him "no". I became Suspicious So I called accounting Help Desk at EAGAN IT ASC, Financial Processing Unit. The Accountant informed me that my paper check was returned back to payroll 09/11/2023 and that it was a note attatched to It saying "the employee is deceased". The Accountant informed me that the action was done by my office Quail Heights. The RMO refrused to comply with the Step B grievance decisions and returned my check to payroll indicating that I was deceased.

30

# Exhibit L

# Partial Acceptance/Partial Dismissal of Formal EEO Complaint

# February 22, 2024

31

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

**UNITED STATES POSTAL SERVICE**
**EQUAL EMPLOYMENT OPPORTUNITY**
**IN THE MATTER OF:**

| | |
|---|---|
| Darrin Gordon | USPS Tracking # Complainant: |
| PO box 523551 | 9114 9022 0078 9860 3040 07 |
| Miami, FL 33152-3551 | |
| Complainant, | USPS Tracking # Representative: |
| v. | 9114 9022 0078 9860 3040 14 |
| | |
| Louis DeJoy | Agency Case Number: 4G-330-0044-24 |
| Postmaster General | |
| United States Postal Service | |
| Southern Ret Del Area | Date Formal Filed: February 5, 2024 |
| Agency. | |

## PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT-

The agency acknowledges the receipt of the formal complaint of discrimination referenced above. This is the Postal Service's *partial acceptance/partial dismissal* of the above-cited discrimination complaint.

Specific Issue(s) Alleged: You alleged discrimination based on Race (African American) and Color (Black) when:

1) On September 29, 2023, you were made aware that someone sent your paycheck back to the financial processing unit with a note that said "deceased".

2) On September 14, 2023, management did not submit your backpay award from a grievance settlement.

**Partial Acceptance**

A portion of the complaint has been accepted for investigation:

Specific Issue Accepted: You alleged discrimination based on Race (African American) and Color (Black) when:

1) On September 29, 2023, you were made aware that someone sent your paycheck back to the financial processing unit with a note that said "deceased".

32

2

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

### B.    Partial Dismissal

The investigation will not involve the following issue(s) which you raised in your complaint.

Specific Issues Dismissed: You alleged discrimination based on Race (African American) and Color (Black) when:

2) On September 14, 2023, management did not submit your backpay award from a grievance settlement.

Chronology

The record reflects you requested pre-complaint processing on October 24, 2023, and a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) was received by you on January 31, 2024. Subsequently, you filed a formal complaint of discrimination with the Agency on February 5, 2024.

Analysis and Conclusion

**2) On September 14, 2023, management did not submit your backpay award from a grievance settlement.**

Pursuant to 29 C.F.R. § 1614.107(a)(1), the agency has the right to dismiss a complaint if a complainant fails to state a claim under Sections 1614.103 or 1614.106(a). Specifically, those sections of the Equal Employment Opportunity Commission (EEOC) Regulations provide for the processing of complaints of discrimination filed with the agency that allegedly discriminated against the complainant when the aggrieved individual alleges discrimination based on factors prohibited by Title VII. Inherent in

33

3

these regulations is the requirement that the complaining party alleges that he is an aggrieved person who was injured because of an agency action or lack of action.

In issue #2, you allege that on September 14, 2023, management did not submit your backpay award from a grievance settlement. However, matters concerning the negotiated grievance procedure do not state a claim within the EEOC's jurisdiction. *Veasley v. U.S. Postal Service*, EEOC Appeal No. 01A40677 (April 12, 2004), *Ho v. U.S. Postal Service*, EEOC Appeal No. 01A34643 (March 31, 2004).

The proper forum for you to raise your dissatisfaction with the adherence to a grievance decision was within the grievance procedure itself, not the EEO process. The Commission has held that Complainant's dispute in the EEO process with a grievance decision constitutes an impermissible collateral attack on the administrative grievance forum and fails to state a claim. See *Veronica R. Crutches v. Department of the Army*, EEOC Appeal No. 0120092790 (September 15, 2009).

Therefore, your complaint alleging discrimination as cited above in issue #2 is now **dismissed** as failing to state a claim in accordance with 29 C.F.R. 1614.107(a) (1).

---

There is no right to appeal this decision at this time. (See 29 Code of Federal Regulations, Part 1614.107). A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint. You have the right to submit a statement for the record providing your position of this dismissal. You should submit this statement to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, Florida 33622-1979. If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint, or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time-period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

34

4

**When the investigation is completed,** you will receive a notice via email to access an electronic record of the investigative report and you will be notified of your right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge **or** of your right to a final decision by the agency head or designee without a hearing. **Please note:** At the completion of the investigation of your EEO complaint, we will send you an email with instructions on how to access your record. This access will be active for 30 days at the email address provided at the time you filed the complaint. It is your responsibility to provide NEEOISO an updated email address. After 30 days, your file will no longer be accessible. After accessing your record, please be sure you save your record. You may request a final agency decision without a hearing, at the appropriate time, by addressing your request to NEEOISO-FADS, P.O. Box 21979, Tampa, FL  33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

Hearings Unit
EEOC Miami District Office
100 SE 2nd Street Ste 1500
Miami, FL 33131-2100

You must make your hearing request within 30 calendar days of your receipt of the investigative report, and you must provide the Manager, National EEO Investigative Services – Hearings, P. O. Box 21979, Tampa, FL  33622-1979 with a copy of that hearing request.  If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL  33622-1979, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights.  You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action.  Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil

35

5

action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

You may file your appeal by several alternative methods. You may use the EEOC's Public Portal located at https://publicportal.eeoc.gov/, where you can also upload selected documents, and manage your personal and representative information. You may mail your written appeal to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013-8960 or submit by facsimile to (202) 663-7022. If you use EEOC's Public Portal to file an appeal or submit a brief, you do not need to serve the agency. If you mail or fax your request for an appeal, you must also submit a copy of the appeal or brief to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, P.O. Box 21979, Tampa FL 33622-1979 and submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the NEEOISO.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

_Gil Grim_
EEO Services Analyst

February 22, 2024
Date

Enclosures:  PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
Report of Investigative File Media Form

Cc: Nora Cozzillio Esq, 441 New Karner Rd, Albany, NY 12205-3873

36

# Exhibit M

# Litigation Hold Records (Bossano's Non-Compliance & Urquia's Compliance)

# March 25 - 26, 2024


**UNITED STATES**
**POSTAL SERVICE**

## Failure to Return Signed Litigation Hold Notice

This matter concerns the following:  Darrin Gordon, 4G-330-0044-24

A Litigation Hold Notice was sent to the following on the dates noted:  Mario Bossano on March 2, 2024

As of the completion of this investigation, the notice has not been signed and returned to the undersigned investigator.

This notice serves to notify all interested parties that **the above-named individuals** did not return a signed Litigation Hold notice indicating they had read and would comply with the Notice.

*Linda P. Falcao*                                    March 26, 2024

_____ **Investigator's**
**Signature and Date**

38

## Litigation Hold Notice

This matter concerns the following: Darrin Gordon, 4G-330-0044-24. Complainant alleged discrimination based on race and color when:

1) On September 29, 2023, he was made aware that someone sent his paycheck back to the financial processing unit with a note that said "deceased".

I understand that I have been identified as an individual likely to have materials -- information, documents, or physical objects -- relevant to this matter. I further understand that under the law, the Postal Service, and its employees, have an obligation to preserve all evidence that is potentially relevant to this complaint, including all documents, recordings, electronically stored information, and physical objects. This obligation extends to materials that presently exist, as well as to all potentially relevant materials that are created in the future. My signature on this document indicates that I have complied with the obligations set out below.

**Search.** I have searched and identified all sources of information potentially related to this dispute, including: hard copy files, desktop/laptop computers, network storage drives, removable storage devices (e.g. CD/DVDs, USB Flash drives, memory sticks), Internet storage locations, and personal digital assistants (PDAs).

**Save.** I have saved all materials that are potentially relevant to this complaint, including my personal notes and email. Where I have found a hard copy and electronic copy of the same document, I have preserved both versions. Either by myself, or with the assistance of Information Technology staff, I have saved e-mail and any other electronically stored information, and have taken steps to ensure that the files I have identified are preserved against automatic deletion.

**Segregate.** I have moved all hard copy documents, e-mails, and other electronically stored information into separate electronic and hard copy folders that I have designated for this matter. The electronic folders are on the Postal Service data network, not in Outlook or on my computer's hard drive. I have moved my potentially relevant e-mails to this folder in order to avoid the automatic deletion of e-mail in my Outlook account.

I will preserve, for five years from the date that I sign this Notice, all potentially relevant information that presently exists, as well as potentially relevant materials created in the future, unless I am notified by a representative of the Law Department that I am no longer required to save this information, or that I must save it for a longer period.

_____
Signature

_____
Print Name    Alexander P. Virgua

_____
Title    Supervisor

_____
Date    3/25/24

39

# Exhibit N

# Three Additional Grievance Decisions (Two Cease and Desist Orders & One Compliance Grievance)

# July 24 - 31, 2024

40

 **UNITED STATES POSTAL SERVICE**



NATIONAL ASSOCIATION OF LETTER CARRIERS - UNITED STATES POSTAL SERVICE
**Florida 3 District Dispute Resolution Team**

| | | |
|---|---|---|
| Grievant(s): | ~~Class Action~~ Darrin Gordon | **RECEIVED** |
| USPS No: | C 24082455 | |
| Local No: | MIA-2023-2639 | AUG 1 4 2024 |
| Branch: | 1071 | |
| Location: | Miami, FL (Quail Heights) | BRANCH 1071-NALC HEADQUARTERS |

## STEP B DECISION

**Issue Statement:** Did management violate Article 15 (especially Section 3.A), 3, and Postal Service Policy Letter M-01517 via Article19 of the National Agreement by failing to comply with grievance settlement for MIA-2022-2036, especially the grievance settlement for MIA-2023-1141? If so, what is the appropriate remedy?

**Decision:** The DRT agrees management violated Article 15 and 19 of the National Agreement by failing to comply with grievance settlements for MIA-2022-2036 and MIA-2023-1141 and management is issued a cease and desist order. Future similar violations may result in additional remedies. The DRT further agrees that in keeping with prior president setting grievance settlements local management will pay the carriers listed in the grievance settlement for MIA-2022-2036 and MIA-2023-1141 as determined by the local union, lump sum payment(s) not to exceed a cumulative total of $500.00, less applicable deductions. For clarification, the union may choose to have management pay one carrier the entire $500.00 or split the $500.00 between two (2) or more carrier's; however, the total cumulative payment for remedy for the Non-Compliance of MIA-2022-2036 does not exceed $500.00. Local management will enter the above lump sum payment(s) in GATS within three (3) days of receipt of the union's choice (outlined above) for this decision. Copies of all lump sum payments entered into GATS will be provided to the NALC Branch President within three (3) days of their entry into GATS.

Additionally, as per the Grievance Settlement for MIA-2022-2036, local management will fully comply with the noted settlements in that decision in their entirety. Once again, local management is directed to meet with the union steward within seven (7) days of this signed decision to ensure properly completed PS Forms 8041 and the associated Letters of Demand are submitted to Eagan within those same seven (7) days. Local management will provide the NALC Branch President with documentary evidence demonstrating satisfaction of this dispute within seven (7) days from the date of this signed decision. Also, local management is directed to pay the carriers a lump sum $150.00 each as listed in the Grievance Settlement for MIA-2022-2036 for the excessive and unreasonable delay in complying with the noted grievance's for that settlement within (3) days receipt of this decision. Copies of all lump sum payments entered into GATS will be provided to the NALC Branch President within three (3) days of their entry into GATS.

Finally, as per the Step B Decision for MIA-2023-1141, local management will fully comply with that decision in its entirety. The Emergency Placement in an Off-Duty Status (without pay) notice dated 06/09/2023 is immediately rescinded and is removed from all records and files. Also, if not already done so, at managements discretion, the grievant shall be returned to duty or placed in a paid status in lieu of, upon receipt of this decision. The grievant shall be made whole for all lost wages and benefits from 06/09/2023 until he is returned to work or a paid status. Local management will initiate a pay adjustment within seven (7) business days receipt of this decision. A copy of the pay adjustment record that reflects this decision will be provided to the NALC Branch President within that same seven (7) days.

In keeping with Step B Decisions, this settlement is precedent setting in this installation.

| | | |
|---|---|---|
| _Brian Ellis_ 7/24/2024 | _Cliff Eddie Davidson, Jr._ 7-24-2024 | |
| **Brian Ellis** Date | **Cliff Eddie Davidson, Jr.** Date | |
| USPS Area Labor Representative | National Business Agent | |
| USPS Step B Representative | NALC Step B Representative | c.c. Darrin Gordon |
| USPS – Southern Area | NALC - Region 9 | Chris Collier |
| | | W/ MIA 2023-1141 |

Page 1 of 1

41

 **UNITED STATES POSTAL SERVICE**



## STEP B DECISION

| STEP B TEAM: | | |
|---|---|---|
| Tennessee | Decision: | **RESOLVED** |
| | USPS Number: | G19N-4G-C 24016288 |
| | Grievant: | Class Action |
| Monica Lucas, USPS | Branch Grievance #: | MIA-2023-~~1986~~ 1936 |
| Michael J. McCall, NALC | Branch: | 1071 |
| | Installation: | Miami |
| | Delivery Unit: | Quail Heights |
| | State: | Florida |
| District Grieving: | Incident Date: | 10/02/2023 |
| Florida | Informal Step A Initiated: | 11/04/2023 |
| | Formal Step A Meeting Date: | 11/14/2023 |
| Kimberly Voegtle, USPS | Date Received at Step B: | 07/01/2024 |
| Michael Fleming, NALC | Step B Decision Date: | 07/31/2024 |
| | Issue Code: | 15.4280 |
| | NALC Code: | 505011 |
| | Original Step B Rec'd Date: | 12/21/2023 |
| | Date Sent to Assisting Team: | 06/28/2024 |

**RECEIVED**

AUG 1 5 2074

BRANCH 1071-NALC
HEADQUARTERS

**ISSUE:**

Did Management violate Articles 15 and 19 when they failed to comply with MIA-2023-1141? If so, what is the appropriate remedy?

**DECISION:**

The Dispute Resolution Team (DRT) has **RESOLVED** this grievance. The DRT agrees Management violated Article 15 when they failed to comply with the Step B Decision for 4G 19N-4G-D 23332906 by processing back pay as instructed for Carrier D. Gordon. There is no dispute that a copy of the PS Form 8038 was provided to Management at the Formal A meeting held on November 14, 2023. Due to the specific facts and circumstances of this instant case and to resolve this grievance at the lowest possible level, the DRT agrees D. Gordon is awarded a one-time lump sum payment of $100 minus standard deductions to be processed by the TN Step B Management Representative in GATS.

The TN Step B Management Representative will immediately forward a copy of the PS Form 8038 and a copy of the Step B Decision for 4G 19N-4G-D 23332906 to the Florida 3 District Manager, Labor Relations and the Florida 3 Back Pay Coordinator who will act as expeditiously as possible in preparing PS Form 8039 and submitting the back pay paperwork to Eagan, MN.

cc: D. Gordon
Chris Collier

42

 **UNITED STATES POSTAL SERVICE**



## STEP B DECISION

| | | |
|---|---|---|
| **STEP B TEAM:** | Decision: | **RESOLVED** |
| **Tennessee** | USPS Number: | G19N-4G-C-24016486 |
| | Grievant: | Class Action |
| Monica Lucas, USPS | Branch Grievance #: | MIA-2023-2284 |
| Michael J. McCall, NALC | Branch: | 1071 |
| | Installation: | Miami |
| | Delivery Unit: | Quail Heights |
| | State: | Florida |
| District Grieving: | Incident Date: | 11/04/2023 |
| Florida | Informal Step A Initiated: | 11/04/2023 |
| | Formal Step A Meeting Date: | 11/14/2023 |
| Kimberly Voegtle, USPS | Date Received at Step B: | 07/01/2024 |
| Michael Fleming, NALC | Step B Decision Date: | 07/31/2024 |
| | Issue Code: | 15.4280 |
| | NALC Code: | 505011 |
| | **Original Step B Rec'd Date:** | **12/21/2023** |
| | **Date Sent to Assisting Team:** | **06/28/2024** |

**RECEIVED**

AUG 15 2024

BRANCH 1071-NALC
HEADQUARTERS

### ISSUE:

Did Management violate Articles 15 and 19 when they failed to comply with MIA-2023-166, MIA-2023-167, MIA-2023-801 and MIA-2022-2036? If so, what is the appropriate remedy?

### DECISION:

The Dispute Resolution Team (DRT) has **RESOLVED** this grievance. The DRT agrees Management violated Article 15 when they failed to comply with grievance settlements for Carrier Darrin Gordon. Management will cease and desist failed compliance with grievance settlements. Management failed to comply with the Step B Remand for 4G 19N-4G-C 23228274, Union grievance number MIA-2023-801, which instructed them to meet with the Union within 14 days of receipt of the decision and provide the status/and or copies of pay adjustments for a list of grievances which included Union grievance numbers MIA-2023-166 and MIA-2023-167. Management failed to comply with the grievance settlement for MIA-2023-167 involving T-6 pay. Darrin Gordon is awarded a one-time lump sum payment in the amount of $204 minus standard deductions for Union grievance number MIA-2023-167. The DRT agrees the Union will provide Management with a copy of the signed settlement for MIA-2023-166 within 7 days of receipt of this decision. Management will have 7 days from receipt of the signed settlement to submit documentation to the Union reflecting compliance. For the specific facts and circumstances of this instant grievance and to resolve this grievance at the lowest possible level, Carrier Darrin Gordon is awarded an additional one-time lump sum payment in the amount of $100 minus standard deductions which will be processed by the TN DRT in GATS.

cc: D. Gordon
Chris Collier

43

# Exhibit O

# Accounting Help Desk Correspondence Confirming Payroll Inquiry Blocked

# November 5, 2024

44

From: **ASBS Notification** donotreply@usps.gov
Subject: **Incident INC000027926453 has been resolved.**
Date: **Feb 26, 2025 at 11:24:51 AM**
To: gordondarrin60@yahoo.com

---



## Accounting Services Customer Satisfaction
## Customer service is our passion; quality is our mission.

**Please do not hit "Reply" to respond to this email, it is sent from an automated account which is not monitored.**

We take pride in providing excellent customer service and hope that you were pleased with the service provided by our Accounting Services representative.

The Accounting Services representative provided the following information as a resolution to **INC000027926453:**

**Summary:**

Payroll-Back Paycheck Inquiry

**Notes:**

Darrin called to see if he had any additional checks issue to him.

**Resolution:**

Darrin,

At this time there are no checks on file for you from payroll.

Thank you for calling the Accounting Help Desk.

Sincerely,

Manager, Accounting Help Desk

45

# Exhibit P

# Accounting Help Desk Email Confirming No Back Pay as of February 26, 2025

# February 26, 2025

From: ASBS Notification donotreply@usps.gov
Subject: Incident INC000027802105 has been resolved.
Date: Nov 5, 2024 at 12:18:39 PM
To: gordondarrin60@yahoo.com


**UNITED STATES POSTAL SERVICE ®**

## Accounting Services Customer Satisfaction Survey
## Customer service is our passion; quality is our mission.

**Please do not hit "Reply" to respond to this email, it is sent from an automated account which is not monitored.**

As a valued customer, you have been selected to take this short survey because you recently contacted the Accounting Help Desk and your incident INC000027802105 was resolved.

The Accounting Help Desk representative provided the following information as a resolution:

**Summary:**

Payroll - Grievance Settlement

**Notes:**

Darrin is calling to see if his grievance was processed.

Darrin stated that he wanted to know if we received his PS Form 8038 or PS Form 8039 for grievance settle.

Darrin stated that he wanted to know if a backpay award was scheduled to be paid out to him.

**Resolution:**

Darrin per our conversation,

Only the person who submitted the case should be contacting the ASC for inquiries.

Please contact whoever submitted your case for the status of your Grievance Settlements.

If it has been over 60 days, then the submitter can contact us to have an incident

escalated to Eagan.

Thanks for contacting the Accounting Help Desk.                    47

48

# Exhibit Q

# Notice of Final Action from Defendant

# December 9, 2024

DARRIN E GORDON
Notice of Final Action

Page 2 of 2

## Right to File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned:

## DARRIN E GORDON V. LOUIS DEJOY, POSTMASTER GENERAL

You may request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Upton , Paula S*

_____          12/9/24
EEO Services Analyst
PO Box 21979
Tampa FL  33622-1979

Enclosure: Appeal Form 573

cc:   Kimberly A. Greenleaf, Administrative Judge
      Miami District Office
      100 SE 2nd Street, Suite 1500
      Miami FL 33131-2100

      Robert Swift
      ELO East USPS Law Department
      7300 Lindbergh Blvd Rm 807
      Philadelphia PA 19153-3024

49

# Exhibit R

# Step B Decision for Cemroy Davis (Identical to Plaintiff's)

# August 21, 2023

50

SOUTH FLORIDA DISPUTE RESOLUTION TEAM
1801 POLK STREET 2ND FLOOR
HOLLYWOOD, FL. 33022-9998

 **UNITED STATES POSTAL SERVICE**



# STEP B DECISION

| | | |
|---|---|---|
| **Step B Team** | Decision | **RESOLVED** |
| USPS: K. Voegtle | USPS Number | 4G 19N-4G-D 23332899 |
| NALC: M. Fleming | Grievant | **Davis, Cemroy** |
| | Branch Grievance # | MIA-2023-1142 |
| **District Grieving:** | Branch | 1071 |
| Florida 3 | Installation | Miami |
| | Delivery Unit | Quail Heights |
| | State | Florida |
| | Incident Date | 06/09/2023 |
| **RECEIVED** | Date Step A Initiated | 06/14/2023 |
| | Formal Step A Meeting Date | 07/26/2023 |
| SEP 0 1 2023 | Date Received at Step B | 08/16/2023 |
| | Step B Decision Date | 08/21/2023 |
| BRANCH 1071-NALC | Issue Code | 16.7000 |
| HEADQUARTERS | NALC Subject Code | 000385 |
| | Original Step B Received Date: | N/A |
| | Date Sent to Assisting Team: | N/A |

## ISSUE STATEMENT

Was the Emergency Placement/16.7 initiated on June 9, 2023, to Letter Carrier Cemroy Davis for just cause? If not, what is the appropriate remedy?

## DECISION

The Dispute Resolution Team (DRT) has decided to **RESOLVE** this grievance. After a careful review of the case file, the parties at Step B have determined that management did not have just cause to place the grievant in an Emergency Off-Duty Status (without pay). The Emergency Placement in an Off-Duty Status (without pay) notice dated June 9, 2023, is rescinded, and will be removed all records and files.

At Management's discretion, the grievant shall be returned to duty or placed in a paid status in lieu of, upon receipt of this decision. The grievant will be made whole for all lost wages and benefits from June 9, 2023, until he is returned to work. Local Management must initiate a pay adjustment within seven (7) business days upon receipt of this decision. A copy of the pay adjustment record that reflects this decision will be given to NALC Branch 1071, and a copy shall be kept on file.

If the adjustment equates to 80 hours or more, the grievant and local management will be responsible for completing PS Form 8038, *Employee Statement to Recover Back Pay*, and PS Form 8039, *Back Pay Decision/Settlement Worksheet*. The documents, along with a copy of this settlement, shall be sent to EAGAN IT/ASC, **FINANCIAL PROCESSING UNIT, PAY LOCATION 9616, 2825 LONE OAK PARKWAY, EAGAN, MN 55121-9616.**

Management shall seek the assistance of District Labor Relations if they require additional information on the processing of this adjustment.

## EXPLANATION

CC: Christopher Collier
Cemroy Davis
8150 SW 72 Ave #148
Miami, FL. 33143 (27)

51

52

# Exhibit S

# Cemroy Davis Back Pay Report (Showing Payment Processed)

# April 29, 2024

Run Date:04/29/2024

# Back Pay Report

## Employee Copy

**DAVIS   CEMROY**                    SSN: *** ** 5572                    EIN: 06134609        Log#: 1550165

## Back Pay Information

Start: 06/09/2023 - 13/2023
End: 09/26/2023 - 21/2023
Processed Date: 04/29/2024
Processed By: pmprwh
Auditor: pmprkm

Case Number: 4G 19N-4G-D23332899
Award Date: 08/21/2023
Reason Code: 50-36

**Excluded Pay Periods**

## Employee Base Information

Des-Act: 434
Retirement Code: E
Employee Type: 4
Finance Number: 115896
Rate Schedule Code: Q7
HB Pre_Tax Code: Y
Federal Tax Calc Code: Y

Taxable State Code: FL
State Other Tax Code:
State Tax Calc Code: Y
State Tax Percent: 0.0000
State Other Tax Percent: 0.0000
Local 1 Code:
Local 1 Tax Percent: 0.000
Local 2 Code:
Local 2 Tax Percent: 0.000

Social Security Gross: 19,022.36
Medicare Gross: 19,022.36
Unemployment Reported: None

## Deductions

| HB Rates | | | | | Union Dues | | | | Involuntary Deductions | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Employee | Government | #PPs | HB_Plan | Year | Finance Number | Union Code | Dues | #PP's | Reason | Amount | #PP's | Total |
|  |  |  |  |  | 115896 | L | 30.91 | 8 |  |  |  |  |
| Total: | 0.00 |  |  |  |  | Total: | 247.28 |  |  |  | Total: | 0.00 |

## Hours Summary

| Year | Work | Night Work | Overtime | Sunday Prem | POP | Other |
|---|---|---|---|---|---|---|
| 2023 | 574.77 | 103.35 | 135.21 | 0.00 | 38.64 | 0.00 |

1

**DAVIS   CEMROY**                                  **SSN: *** ** 5572**              **EIN: 06134609**      **Log#: 1550165**

## Pay Period Data

### Pay Period: 2023-13
Salary Base: 46,038.00
Employee Type: 4
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 37.40 | 1.00 | 827.66 |
| Night Work: | 6.80 | 1.01 | 6.87 |
| Overtime: | 9.36 | 1.50 | 310.75 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 2.24 | 2.00 | 99.15 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 1,244.43 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 827.66 | 36.42 | -36.42 |

### Pay Period: 2023-14
Salary Base: 46,038.00
Employee Type: 4
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 66.97 | 1.00 | 1,482.05 |
| Night Work: | 11.90 | 1.01 | 12.02 |
| Overtime: | 16.38 | 1.50 | 543.82 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 3.92 | 2.00 | 173.52 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,211.41 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,482.05 | 65.21 | -65.21 |

### Pay Period: 2023-15
Salary Base: 46,038.00
Employee Type: 4
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 67.20 | 1.00 | 1,487.14 |
| Night Work: | 11.90 | 1.01 | 12.02 |
| Overtime: | 16.38 | 1.50 | 543.82 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 3.92 | 2.00 | 173.52 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,216.50 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,487.14 | 65.43 | -65.43 |

### Pay Period: 2023-16
Salary Base: 46,038.00
Employee Type: 4
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 67.20 | 1.00 | 1,487.14 |
| Night Work: | 11.90 | 1.01 | 12.02 |
| Overtime: | 16.38 | 1.50 | 543.82 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 3.92 | 2.00 | 173.52 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,216.50 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,487.14 | 65.43 | -65.43 |

### Pay Period: 2023-17
Salary Base: 46,038.00
Employee Type: 1
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 80.00 | 1.00 | 1,770.70 |
| Night Work: | 10.25 | 0.97 | 9.94 |
| Overtime: | 13.21 | 1.50 | 438.58 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 3.46 | 2.00 | 153.17 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,372.39 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,770.70 | 77.91 | -77.91 |

### Pay Period: 2023-18
Salary Base: 46,038.00
Employee Type: 1
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 80.00 | 1.00 | 1,770.70 |
| Night Work: | 18.15 | 0.97 | 17.61 |
| Overtime: | 21.59 | 1.50 | 716.80 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 9.42 | 2.00 | 417.00 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,922.11 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,770.70 | 77.91 | -77.91 |

### Pay Period: 2023-19
Salary Base: 46,038.00
Employee Type: 1
COLA: 0.00
Hourly COLA: 0.00
TCOLA Rate: 0.0000

| Hours | | Rate | Gross |
|---|---|---|---|
| Work: | 80.00 | 1.00 | 1,770.70 |
| Night Work: | 13.24 | 0.97 | 12.84 |
| Overtime: | 17.38 | 1.50 | 577.02 |
| Sunday Prem: | 0.00 | 0.25 | 0.00 |
| POP: | 5.44 | 2.00 | 240.81 |
| Other: | 0.00 | 1.00 | 0.00 |
| | | | 2,601.37 |

| TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|
| A | 0.00 | 0.00 | 0.00 | 0.00 |
| ROTH% | ROTH % Ded | ROTH $ | | ROTH 50+ |
| 0.00 | 0.00 | 0.00 | | 0.00 |
| FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| 0.00 | 0.00 | 1,770.70 | 77.91 | -77.91 |

2

54

**DAVIS   CEMROY**                              **SSN: *** ** 5572**              **EIN: 06134609**     **Log#: 1550165**

| Pay Period: 2023-20 | Hours | | Rate | Gross | TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|---|---|---|---|---|
| Salary Base: 46,038.00 | Work: | 80.00 | 1.00 | 1,770.70 | A | 0.00 | 0.00 | 0.00 | 0.00 |
| Employee Type: 1 | Night Work: | 16.25 | 0.97 | 15.76 | ROTH% | | ROTH % Ded    ROTH $ | | ROTH 50+ |
| COLA: 0.00 | Overtime: | 19.32 | 1.50 | 641.44 | 0.00 | | 0.00          0.00 | | 0.00 |
| Hourly COLA: 0.00 | Sunday Prem: | 0.00 | 0.25 | 0.00 | FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| TCOLA Rate: 0.0000 | POP: | 6.18 | 2.00 | 273.57 | 0.00 | 0.00 | 1,770.70 | 77.91 | -77.91 |
| | Other: | 0.00 | 1.00 | 0.00 | | | | | |
| | | | | 2,701.47 | | | | | |

| Pay Period: 2023-21 | Hours | | Rate | Gross | TSP-CD | TSP% | TSP % Ded | TSP $ | TSP 50+ |
|---|---|---|---|---|---|---|---|---|---|
| Salary Base: 46,038.00 | Work: | 16.00 | 1.00 | 354.14 | A | 0.00 | 0.00 | 0.00 | 0.00 |
| Employee Type: 1 | Night Work: | 2.96 | 0.97 | 2.87 | ROTH% | | ROTH % Ded    ROTH $ | | ROTH 50+ |
| COLA: 0.00 | Overtime: | 5.21 | 1.50 | 172.97 | 0.00 | | 0.00          0.00 | | 0.00 |
| Hourly COLA: 0.00 | Sunday Prem: | 0.00 | 0.25 | 0.00 | FSA HC | FSA DC | Basic Salary | Retire$ | Net |
| TCOLA Rate: 0.0000 | POP: | 0.14 | 2.00 | 6.20 | 0.00 | 0.00 | 354.14 | 15.58 | -15.58 |
| | Other: | 0.00 | 1.00 | 0.00 | | | | | |
| | | | | 536.18 | | | | | |

3

55

**DAVIS    CEMROY**                    **SSN: *** ** 5572**            **EIN: 06134609**    **Log#: 1550165**

## Finance Summary

Interest Due:       Decision Type:1
2023

| Pay Period | PP Start | Gross | Retire | Basic Salary | TSP | TSP 50+ | ROTH | ROTH 50+ | Net | TCOLA |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 - 2023 | 06/03 | 1,244.43 | 36.42 | 827.66 | 0.00 | 0 | 0.00 | 0 | -36.42 | 0.00 |
| 14 - 2023 | 06/17 | 2,211.41 | 65.21 | 1,482.05 | 0.00 | 0 | 0.00 | 0 | -65.21 | 0.00 |
| 15 - 2023 | 07/01 | 2,216.50 | 65.43 | 1,487.14 | 0.00 | 0 | 0.00 | 0 | -65.43 | 0.00 |
| 16 - 2023 | 07/15 | 2,216.50 | 65.43 | 1,487.14 | 0.00 | 0 | 0.00 | 0 | -65.43 | 0.00 |
| 17 - 2023 | 07/29 | 2,372.39 | 77.91 | 1,770.70 | 0.00 | 0 | 0.00 | 0 | -77.91 | 0.00 |
| 18 - 2023 | 08/12 | 2,922.11 | 77.91 | 1,770.70 | 0.00 | 0 | 0.00 | 0 | -77.91 | 0.00 |
| 19 - 2023 | 08/26 | 2,601.37 | 77.91 | 1,770.70 | 0.00 | 0 | 0.00 | 0 | -77.91 | 0.00 |
| 20 - 2023 | 09/09 | 2,701.47 | 77.91 | 1,770.70 | 0.00 | 0 | 0.00 | 0 | -77.91 | 0.00 |
| 21 - 2023 | 09/23 | 536.18 | 15.58 | 354.14 | 0.00 | 0 | 0.00 | 0 | -15.58 | 0.00 |
| | | 19,022.36 | 559.71 | 12,720.93 | 0.00 | 0 | 0.00 | 0 | -559.71 | 0.00 |

**DAVIS   CEMROY**                  **SSN: *** ** 5572**          **EIN: 06134609     Log#: 1550165**

## Payment Summary

|  |  |  |
|---|---|---|
|  | Back Pay Gross: | 19,022.36 |

Additional Income:

|  |  |  |
|---|---|---|
|  | Total Additional Income: | 0.00 |

Wage Offsets:

|  |  |  |
|---|---|---|
|  | Total Wage Offsets: | 0.00 |
|  | Adjusted Gross: | 19,022.36 |
| TCOLA | TCOLA: | 0.00 |

Tax Withholding

|  | Rate | Taxable Gross | Amount |
|---|---|---|---|
| Federal Tax: | 0.2200 | 19,022.36 | 4,184.92 |
| State Tax: | 0.0000 | 0.00 | 0.00 |
| State Other Tax: | 0.0000 | 0.00 | 0.00 |
| Local 1 Tax: | 0.0000 | 0.00 | 0.00 |
| Local 2 Tax: | 0.0000 | 0.00 | 0.00 |
| Social Security: | 0.0620 | 19,022.36 | 1,179.39 |
| Medicare: | 0.0145 | 19,022.36 | 275.82 |

|  |  |  |
|---|---|---|
|  | Total Withholding: | 5,640.13 |

Voluntary Deduction:

| HB Rate Total: | 0.00 |
|---|---|
| Union Dues Total: | 247.28 |
| Retirement Total: | 559.71 |
| TSP Traditional: | 0.00 |
| TSP 50+: | 0.00 |
| Roth Traditional: | 0.00 |
| Roth 50+: | 0.00 |
| FSA HC Total: | 0.00 |
| FSA DC Total: | 0.00 |
|  | 806.99 |

|  |  |  |
|---|---|---|
|  | Total Voluntary Deductions: | 806.99 |

Involuntary Deduction:

|  |  |  |
|---|---|---|
|  | Total Involuntary Deductions: | 0.00 |
|  | Net Back Pay Amount: | 12,575.24 |

5

57

58

# Exhibit T

# Grievance Worksheet Showing Urquia's False Assurance

# September 22, 2023



# NATIONAL ASSOCIATION OF LETTER CARRIERS
## BRANCH 1071     SOUTH FLORIDA LETTER CARRIERS



## GRIEVANCE WORKSHEET
### TO BE COMPLETED BY STEWARD BEFORE INFORMAL STEP A MEETING

| GRIEVANT'S NAME (OR CLASS) | | PHONE | STEWARD'S NAME |
|---|---|---|---|
| | | | |

| HOME ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| JOB CLASSIFICATION | CRAFT SENIORITY DATE | USPS SENIORITY DATE | DUTY HOURS . |
|---|---|---|---|
| | | | |

| STATION OR BRANCH | EMPLOYEE IDENTIFICATION NUMBER |
|---|---|
| | |

| LETTER DAY OFF | STATUS: FT____ CCA____ Veteran ____ | LEVEL | STEP | |
|---|---|---|---|---|
| | | | | |

**PAST DISCIPLINARY RECORD (IF RELEVANT)**

| VIOLATION:  NATIONAL (ART AND SECTION) | LOCAL (ART AND SECTION) | OTHER   (EXPLAIN) |
|---|---|---|
| FACTS OF GRIEVANCE (DATES) | TIME | LOCATION |

**EXACTLY WHAT HAPPENED:** MANAGEMENT REFUSED TO COMPLY WITH STEP-B DECISIONS MIA-2023-1141 AND MIA 2023-1142. THIS IS REPETITIVE BEHAVIOR TO INTENTIONALLY REJECT GRIEVANCE DECISIONS; SEE STEWARDS NOTES pg (2)(3)

☑ ADDITIONAL SHEET ATTACHED

SEE CONTENT PAGE (1)

**CORRECTIVE ACTION REQUESTED:**
(1) MANAGEMENT TO IMMEDIATELY COMPLY WITH DECISIONS MIA 2023-1141 AND MIA 2023-1142
(2) PAY D. GORDON AND C. DAVIS A CORRECTIVE SUM OF $50.00 PER DAY FROM 9/22/2023 FOR EACH DAY AFTER OF NON-COMPLIANCE.
(3) REFER QUAIL MIOMY TO APPROPRIATE POSTAL AUTHORITY FOR CORRECTIVE ACTION.
(4) ALL OTHER REMEDIES APPROPRIATE TO CEASE NON-COMPLIANCE !

**GRIEVANT'S SIGNATURE:** ___ **DATE:** ___

### FILL OUT BELOW IMMEDIATELY AFTER INFORMAL STEP A MEETING:

| DATE OF MEETING | SUPERVISOR (NAME AND TITLE) Alex Urquia   Supervisor | DATE OF DECISION 9/22/23 |
|---|---|---|

| SUSTAINED | DENIED X | OTHER (EXPLAIN) |
|---|---|---|

**IF DENIED, REASON GIVEN** Management will comply with Step B decisons

**OFFER MADE TO SETTLE AT INFORMAL STEP A:**

# Exhibit V-1

# Eviction Notice

# December 14, 2023

60

# FINAL NOTICE OF EVICTION

Court Case No. _2023·125689·CC-25_

Address _8150 Sw 72nd Ae , Ap. Ph148_

A Court Order has been issued requiring that all persons be removed from these premises. Florida Statutes direct that this final 24 hour notice of eviction be posted. If these premises are not vacated, the Court Services Bureau of the Miami-Dade Police Department is required to remove all persons from the premises.

Signed _JH_         I.D.# _9886_        Date _12/14/23_

### MIAMI-DADE POLICE DEPARTMENT
### COURT SERVICES BUREAU
### (305) 375-5100

32.12.01.-3
114_01-67  4/16

CASE NO. 23-125689-CC-25
CIVIL DIVISION

**PPF AMLI 8150 SW 72nd
Court, LP dba AMLI Joya,**

                Plaintiff(s),

VS.
**Darrin Gordon ,
Quiana Ingram ,**

          Defendant(s).



_12/14/23
6.5 pm
DADE COUNTY
FLORIDA
J. Hernandez_

### WRIT OF POSSESSION

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF THE STATE:

    YOU ARE COMMANDED to remove all person(s) from the following described property in Dade County, Florida:

           **8150 SW 72nd Avenue Apt PH148
           Miami, FL 33143**

and to put the Plaintiff in possession of it, after twenty-four (24) hours notice conspicuously posted on the premises.

    WITNESS my hand and Seal this _____ day of _DEC: – 7 2023_ , 20____.

**JUAN FERNANDEZ-BARQUIN
MIAMI-DADE COUNTY
CLERK OF THE COURT AND COMPTROLLER**    By: _____ **NIURKA BORGES**
                          Deputy Clerk

           COURT SEAL

Filed By:
Barfield, McCain P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Tel: (561) 650-8139

Property Contact:
Resident Manager;3057553490

61

IN THE COUNTY COURT IN AND FOR Dade COUNTY, FLORIDA

| | |
|---|---|
| DIVISION | CASE NO. 23-125689-CC-25 |
| X CIVIL | RESIDENTIAL EVICTION |
| OTHER | SUMMONS |

PLAINTIFF          VS. DEFENDANT(s)     CLOCK IN

PPF AMLI 8150 SW 72nd Court, LP dba        Darrin Gordon
AMLI Joya                                                Quiana Ingram

TO DEFENDANT(S)                    ADDRESS

Darrin Gordon                               8150 SW 72nd Avenue Apt PH148
Quiana Ingram                              Miami, FL 33143

Welcome to Miami Dade
Clerk of Courts
www.miami-dadeclerk.com

# C017

Civil

## PLEASE READ CAREFULLY

2023-10-10                    13:25

You are hereby being sued by PPF AMLI 8150 SW 72nd Court, LP dba AMLI Joya to require you to move out of the place you are living for the reason(s) given in the attached complaint.

You are entitled to a trial to decide whether you can be required to move, but you MUST follow the instructions listed below:

THE THINGS YOU MUST DO ARE AS FOLLOWS:

(1) Write down the reason(s) why you should not be forced to move. This Answer (your reasons) must be filed, in the Clerk's office, within (5) working days, (Monday through Friday, excluding Saturday, Sunday or any legal holiday), from the date you were served with this summons and a copy mailed or delivered to the Plaintiff/Landlord. Failure to do so will result in immediate default and the landlord will be entitled to a Judgment of Possession and to remove you and your possessions from the property without further court hearing. The written reason(s) must be given to the clerk of court at:

Coral Gables District Court
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

(2) Unless your Answer claims that you have paid all of your rent, you must also pay the rent the Landlord says you owe in the Complaint into the Registry, but if you disagree as to the amount of rent owed you must file a motion (a letter is sufficient) for the Court to determine the amount of rent to be paid into the Registry within (5) working days, (Monday through Friday, excluding Saturday, Sunday or any legal holiday), after the date you were served with this summons.

(3) If you live in public housing and you receive part of your rent money from any federal, state or local program, then you must only deposit the amount of rent you are personally responsible for into the Court Registry with five (5) working days, (Monday through Friday, excluding Saturday, Sunday, or any legal holiday), after the date you were served with this summons.

62

(4) If you do not put the rent into the Court Registry, or file a motion, you will give up your defenses (other than the defense of payment), and the landlord will be entitled to an immediate default and Judgment of Possession and to remove you and your possessions from the property, without any further court hearing. If you file a motion or letter for the Court to determine the amount of rent to be placed in the Registry, documentation is required to show that the amount of rent in the complaint is wrong.

(5) The rent (plus Clerk's registry fee) and Answer or Motion and Answer must be given to the Court Clerk at Coral Gables District Court, ,Coral Gables, Florida 33134, within five (5) working days, (Monday through Friday, excluding Saturday, Sunday, or any legal holiday), from the date you were served with this summons.

(6) You MUST pay the Clerk the rent each time it becomes due until the lawsuit is over. Any payment into the Registry of the Court must be tendered cash, cashier's check or money order and must be accompanied by payment of the clerk registry fee of 2% of the first $500.00 deposited and 1% of any amount above $500.00.

(7) In order to notify the landlord of your response, mail or take a copy of your Answer and Motion or Answer and official Payment Receipt to:

Plaintiff's Attorney Address

Barfield, McCain, Ayoub, PA
4460 Medical Center Way
West Palm Beach, FL 33407

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the ADA Coordinator at 375-5775 no later than seven days prior to the proceedings; or telephone 1-800-955-8771 (TDD) or 1-800-955-8770 (v) via Florida Relay Service.

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

DATED ON OCT 0 3 2023 ,20___ .

A COPY OF THE COMPLAINT AND SUMMONS WAS MAILED ON ___ OCT 0 3 2023 .

CLERK OF COUNTY COURT                COURT SEAL

ANDELL WATKIS
BY:_____ D.C.
DEPUTY CLERK

Juan Fernandez-Barquin, Clerk of the Court and Comptroller

CLERK OF THE COURT BY: ANDELL WATKIS
DEPUTY CLERK

63

**IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA**

CASE NO. 23-125689-CC-25
CIVIL DIVISION

PPF AMLI 8150 SW 72nd Court, LP dba
AMLI Joya,

Plaintiff(s),

vs.

Darrin Gordon
Quiana Ingram

Defendant(s)

/

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DEFENSIVE PLEADING/ANSWER, MOTION FOR ENTRY OF DEFAULT AND DEFAULT FINAL JUDGMENT FOR EVICTION

COMES NOW Plaintiff, by and through the undersigned attorney, moves this Honorable Court to Strike Defendant's Defensive Pleading/Answer, and to enter a Default Final Judgment for Eviction against Defendant(s), and as grounds for this Motion states:

1. This is an eviction action for possession of residential real property based upon Defendant's nonpayment of rent as specified in Plaintiff's Complaint.

2. Defendant filed an answer in response to Plaintiff's Complaint. However, Defendant has failed to deposit any rent into the Court Registry as required by Fla. Stat. §§ 83.56(5)(b) and 83.60(2).

3. The Plaintiff/landlord follows a policy wherein any tenant who wishes to negotiate a settlement for either payment to the landlord or to vacate the premises may contact the authorized representative of the plaintiff/landlord to determine if a settlement can be reached. Any settlement is reduced to writing in a Settlement Stipulation which is filed with the court upon execution and payment, and which results in a voluntary dismissal of this action. Such stipulations reach the same result as do mediations, facilitate judicial efficiency, and reduce exposure to attorney's fees for both parties.

4. Therefore, the Plaintiff in this action does not agree to a referral by the court to set this matter for mediation or a hearing before the court, but rather, respectfully requests that the court

64

enforce the applicable statute governing actions by the landlord for possession of a dwelling unit, which states in relevant part as follows:

> 83.56 Termination of Rental Agreement...
> (5)(b) Any tenant who wishes to defend against an action by the landlord for possession of the unit for noncompliance of the rental agreement or of relevant statutes shall comply with the provisions in s. 83.60(2). <u>The court may not set a date for mediation or trial unless the provisions of s. 83.60(2) have been met, but must enter a default judgment for removal of the tenant with a writ of possession to issue immediately if the tenant fails to comply with s. 83.60(2)." (E.S.).</u>
>
> 83.60 Defenses to action for rent or possession; procedure...(2) In an action by the landlord for possession of a dwelling unit, <u>if the tenant interposes any defense other than payment</u>, including, but not limited to, the defense of a defective 3-day notice, <u>the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due... Failure of the tenant to pay the rent into the registry of the court</u> or to file a motion to determine the amount of rent to be paid into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process <u>constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon</u>. If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required.... (E.S.)

5.      Plaintiff is entitled to a judgment for removal of the tenant and writ of possession *without further notice or hearing* pursuant to Fla. Stat. §83.60(2). In *Stanley v. Quest Int'l Investment, Inc.* 50 So.3d 672 (Fla. 4th DCA 2011), the Court stated as follows:

> As Judge Lee   wrote:
> The Legislature has provided that failure to post unpaid rent is not merely a waiver; it is an *absolute* waiver. The landlord is not merely entitled to a judgment; the landlord is entitled to an *immediate* judgment. The use of such strong language indicates to this Court that the Legislature was comprehensive in its intentions as to the effect of the statute.
> *Quest Int'l Inv., Inc. v. Stanley*, 16 Fla. L. Weekly Supp. 586b (Fla. Broward Cty. Ct. Apr. 14, 2009) (alterations in original). The tenant is required to deposit the disputed rent into the court registry to assert any defense other than payment.

6.      Based upon the Defendant's failure to comply with Fla. Stat. §§ 83.56(5)(b) and 83.60(2), Defendant has waived all defenses, and Plaintiff is entitled to entry of an immediate Default Final Judgment for Eviction with Writ of Possession to be issued forthwith, without further notice or hearing.

**WHEREFORE**, the Plaintiff(s) moves this Honorable Court for an Order entering Default and Default Final Judgment for Eviction (Possession) with writ of possession to issue forthwith against Defendants in the above styled cause.

I HEREBY CERTIFY a true and correct copy hereof was served upon Darrin Gordon, Quiana Ingram, at 8150 SW 72nd Avenue Apt PH148 , Miami, FL 33143 by US First Class Mail on this 16 day of October, 2023.

s/ Ryan R. McCain, Esq.
Ryan R. McCain, service@barfieldpa.com
FL Bar Number 28117
Attorneys for Plaintiff
Barfield McCain Ayoub, P.A.
4460 Medical Center Way
West Palm Beach, FL 33407
Telephone: (561) 650-8139
Fax: (561) 650-8146

66

# Exhibit V-2

# Therapy Receipts Confirming Mental Health Treatment

# March 25, 2024 – April 24, 2024



# Jackson HEALTH SYSTEM

PAYMENT RECEIPT # 2604959-2494979  RECEIPT PRINT DATE: Mar 25 2024  1:45:43:633PM

TRAN TYPE:  Sale
PAYMENT MODE:   CREDIT CARD [ In Person ]
PRIMARY PATIENT ID: 40023184332-JHS
PATIENT NAME: GORDON, DARRIN

USERID: CYNTHIA.VOLTAIRE
LOCATION: JNCMH

AMOUNT: $45.00
TRANSACTION DATE: Mar 25 2024  1:45PM
TRANSACTION# 28164800  315499(2604959)

CARD# XXXXXX0907 (Visa)
CARD HOLDER NAME:
STATUS:

I agree to pay above total amount according to card issuer agreement (Merchant agreement if credit voucher)

-------------------------------------------------------
SIGNATURE

3/25/2024 1:45:57 PM

## Jackson Community
## Mental Health Center

**Rilwan Adigun, LCSW-QS**
Licensed Clinical Social Worker
Adult Outpatient

rilwan.adigun@jhsmiami.org
O: 786-466-2800 | E: 82812 | F: 786-466-2847
jacksonhealth.org

68



**‹ All Inboxes**                              ∧   ∨

**JHS Registration**                    4:57 PM
To: DJ ›                                   ⚑

**Your upcoming appointment with Jackson Health System**



**Jackson**
**HEALTH SYSTEM**

Hello, DARRIN,

This is a friendly reminder for your upcoming appointment with Jackson Health System <u>on Monday, March 25, 2024</u>.

Please confirm/cancel and review important information on the link below:

> MY APPOINTMENT

***IMPORTANT WARNING:*** *The information that is contained in this transmission is for the sole use of the individual and/or entity*

69

AA  🔒 jhsmiami.org  ↻



( ENG ⌄ )

## Step 1: My Appointments

○ **Step 2: Visit Instructions**

○ **Step 3: Pre-Registration**

## Please review your upcoming appointments

✔ **April 24 10:00 a.m.**  ⌃

### Behavioral Health Individual Therapy

You have successfully confirmed your appointment.

You can review your visit instructions by clicking Visit Instructions below or in the main menu above.

You can also preregister for your appointment by clicking Pre-registration below or in the main menu above.

 

70



# Jackson
## HEALTH SYSTEM

PAYMENT RECEIPT # 2604959-2494979  RECEIPT PRINT DATE: Mar 25 2024  1:45:43:633PM

TRAN TYPE:  Sale
PAYMENT MODE:   CREDIT CARD [ In Person ]
PRIMARY PATIENT ID: 40023184332-JHS
PATIENT NAME: GORDON, DARRIN

USERID: CYNTHIA.VOLTAIRE
LOCATION: JNCMH

AMOUNT: $45.00
TRANSACTION DATE: Mar 25 2024  1:45PM
TRANSACTION# 28164800  315499(2604959)

CARD# XXXXXX0907 (Visa)
CARD HOLDER NAME:
STATUS:

I agree to pay above total amount according to card issuer agreement (Merchant agreement if credit voucher)

---------------------------------------------------------

SIGNATURE

3/25/2024 1:45:57 PM

71

# Exhibit V-3

# Termination of FEHB Health Insurance Notice

# July 12, 2024

 **UNITED STATES POSTAL SERVICE**

07/19/2024

HR SHARED SERVICE CENTER

Ref # 3963440                                                          EIN: 04452538

DARRIN GORDON
PO BOX 523551
MIAMI, FL  33152-3551

This is to inform you that your health benefits have been terminated.

Your health benefits coverage under the Federal Employees Health Benefits (FEHB) Program has been terminated because you have been in a leave without pay (LWOP) status for 365 days. Your FEHB coverage was terminated **effective 07/12/2024**, the last day of the pay period in which the 365th day in LWOP occurred.

You will have 60 days from the date of your return to duty in which to reenroll for FEHB benefits. If you do not reenroll within those 60 days, you will not have another opportunity to reenroll until the next open season or upon the occurrence of another permitting event (see SF 2809, Health Benefits Election Form, for a list of permitting events).

If you have any questions regarding your LWOP status, contact your supervisor.


HR Shared Service Center


Enclosure(s): SF 2810, Notice of Change in Health Benefits Enrollment


HRSSC LWOP Unit

PO BOX 970425

GREENSBORO NC 27497-0425

73

# Exhibit V-4

# Repossession Notice & Vehicle Sale Documentation

# October 1- 27, 2023

74

## Ally Auto Alert

**ally**

Hello,  Darrin E Gordon

# We want to help you keep your vehicle.

| | |
|---|---|
| Auto account ending in: | \*\*\*-\*\*\*\*-4951 |
| Date: | 10/1/2023 |

**Your vehicle is now at risk of repossession.** Call us now at **1-855-477-2559** to learn more about payment options that could help you get back on track and keep your vehicle — we're here to work with you so you can drive with peace of mind.

**Questions?** | Call us at 1-855-477-2559
Available Mon - Sun, 8 am - 8 pm ET | Access Ally Auto at
ally.com/auto

You're receiving this account servicing email as a valued Ally Auto customer.

Please do not reply to this email.

If you'd like to stop receiving collection emails, call us at 1-855-477-2559, send a secure message, or chat with us online.

Concerned about a suspicious email that appears to be from Ally Auto? Call us at 1-888-925-2559 and we'll investigate.

Ally Financial, P.O. Box 380901, Bloomington, MN 55438

©2009 - 2023 Ally Financial Inc. Ally is a registered service mark.

Email ID: e7-near-repo (v1)

75

**South Dade TOYOTA** Of Homestead

Stock #_____

## PURCHASE AGREEMENT FORM

Date: 10/27/2023
Purchased from: Darrin Ernest Gordon
Address: 8250 SW 72nd Avenue PH 248                    Phone # (786)857-0286
City: Miami                State: FL        Zip Code: 33143

**Vehicle Description:**

Year: 2021      Make: Mercedes-Benz   Model: E450 4MATIC   Color: Black
VIN#: W1K1J5KB8MF151867        Miles: 24,482

**Purchase Amount:** $ MSRP $73,960

**Payoff**

Lienholder ALLY FINANCIAL                    Payoff Amount $ ~~20,774.40~~ $21,569
Account # 228-0006-74951            Good until ____/____/____

Is there any money to be used as a down payment on deal?      Y   or   N      If yes, deal # _____
Amount to be used? $_____        Total amount to be paid to seller $_____

I do hereby sell and deliver the automobile described above to **SOUTH DADE TOYOTA**
and I have the right to sell and deliver this automobile on this ___27th___ day of October of 201__. 2023

_Darrin Gordon_
Seller's Signature

SDT Employee Signature

Documents reequired signed by seller
☐ Title/Payoff
☐ Long PA
☐ Reassignment
☐ Odometer Statement
☐ ACV (Signed by Manager)
☐ Copy of drivers license

76

## TOYOTA

ALEX COLON
PRODUCT SPECIALIST

SOUTH DADE TOYOTA
29330 South Dixie Highway
Homestead, FL 33033
Business: 407.310.1560
Mobile: 689.238.3233
acolon@southdadetoyota.com

Stock #_____

Date: 10/27/2023

Purchased from: Darrin Ernest Gordon

Address: 8150 SW 72nd Avenue PH 248          Phone # (786)857-0286

City: Miami          State: FL          Zip Code: 33143

**Vehicle Description:**

Year: 2021      Make: Mercedes-Benz   Model: E450 4Matic   Color: Black

VIN#: W1K1J5KB8MF151867      Miles: 24,482

**Purchase Amount: $ MSRP $73,960**

**Payoff**

Lienholder ALLY FINANCIAL          Payoff Amount $ 20,774.40

Account # 228-0006-74951          Good until ____/____/____

Is there any money to be used as a down payment on deal?          Y   or   N          If yes, deal # _____

Amount to be used? $_____          Total amount to be paid to seller $_____

I do hereby sell and deliver the automobile described above to **SOUTH DADE TOYOTA**
and I have the right to sell and deliver this automobile on this _27th_ day of _October_ of 201__.2023

_____
**Seller's Signature**

_____
**SDT Employee Signature**

Documents requiered signed by seller
☐ Title/Payoff
☐ Long PA
☐ Reassignment
☐ Odometer Statement
☐ ACV (Signed by Manager)
☐ Copy of drivers license

HSMV 82994 (REV. 04/14) S

77

**South Dade**
# TOYOTA
### Of Homestead

Stock #_____

## PURCHASE AGREEMENT FORM

Date: **10/7/23**

Purchased from: **Darrin Ernest Gordon**

Address: **8150 SW 72nd Av PH 148**          Phone # **786-857-0286**

City: **Miami**          State: **FL**          Zip Code: **33143**

**Vehicle Description:**

Year: **2021**     Make: **Mercedes Benz**   Model: **E450**          Color: **Black**

VIN#: **WIK1J5KB8MF151867**          Miles: **24,533**

## Purchase Amount: $ **44,000**

Payoff

Lienholder **Ally Financial**          Payoff Amount $ **21,671.73**

Account # **228-0006-74951**          Good until **11/11/23**

Is there any money to be used as a down payment on deal?     Y   or   N     If yes, deal # _____

Amount to be used? $_____     Total amount to be paid to seller $_____

I do hereby sell and deliver the automobile described above to **SOUTH DADE TOYOTA** and I have the right to sell and deliver this automobile on this ___**7**___ day of __**nov**__ of 20**13**.

Seller's Signature

DT Employee Signature

Documents requiered signed by seller
- ☐ Title/Payoff
- ☐ Long PA
- ☐ Reassignment
- ☐ Odometer Statement
- ☐ ACV (Signed by Manager)
- ☐ Copy of drivers license

78

## Offer Voucher

South Dade Toyota of Homestead
29330 S. Dixie Hwy
Homestead FL 33033

Offer Voucher

2 5

Expires 150 miles from 24,482

DATE: _11/07_ 20.

PAY TO THE
ORDER OF: Darrin Gordon

$ 44,000.

Forty Four Thousand 00/100

DOLLARS

MEMO: 2021 Mercedes E-Class

This coupon is good for 3 days or 150 miles.

⑆000012345000⑆       ⑆435634675435   1 2



CHECK
CONTROL NO.    107632

ISSUED BY: Daymiris_Castellanos

SOUTH DADE TOYOTA
Homestead, FL 33090

PAGE 1C

| INVOICE STOCK NO. | INVOICE DATE | PURCHASE ORDER NO. | COMMENT/V.I.N. | AMOUNT | DISCOUNT/ ACCOUNT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| | 110823 | EQUITY FOR 21 MERCEDES-BENZ VIN#MF151867 | | | | 22,328.27 |
| | | | | 107632 P8247 | 1*2020B 1*3310 | -22,328.27 22,328.27 |
| | | | | TOTAL | 2020B | 22,328.27 |

DETACH AT PERFORATION BEFORE DEPOSITING CHECK

REMITTANCE ADVICE

CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.   WATERMARK ON BACK. HOLD AT ANGLE TO VIEW WHEN CHECKING ENDORSEMENT.

107632

SOUTH DADE TOYOTA
*The Better Way To Buy*
29330 South Dixie Highway
Homestead, FL 33033
(305) 248-6330

Bank of America

107632

63-4
630 FL

| DATE | PAY THIS AMOUNT | | AMOUNT OF CHECK |
|---|---|---|---|
| 08NOV23 | ******22,328 DOLLARS 27 CENTS | | *****22,328.27 |

SOUTH DADE TOYOTA
VOID AFTER 90 DAYS

BY _____

BY _____
AUTHORIZED SIGNATURE

TO
THE
ORDER
OF

DARRIN GORDON
8150 SW 72ND AVE
MIAM FL 33143

⑈107632⑈ ⑆063100277⑆ 898068418862⑈

80